# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CT-01214-SCT

*EDDIE BRYANT a/k/a E-DOG*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 6/16/2000 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STEPHEN NICK |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:   JOHN R. HENRY |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED AS MODIFIED - 04/24/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶ 1.    Eddie Bryant (hereinafter "Bryant") was convicted of aggravated assault, shooting into a dwelling house and manslaughter.  Bryant appealed his conviction, and this Court assigned his case to the Court of Appeals.  The Court of Appeals affirmed the judgment of the Circuit Court of Washington County.  We granted certiorari and affirm the trial court's and Court of Appeals' judgments as to the issues Bryant raised.  However, we invoke the plain error doctrine and modify the Court of Appeals' opinion and the sentencing order of the trial court as the record reflects that Bryant was convicted of manslaughter rather

than murder under Count III of the indictment. The judgment of the trial court is therefore affirmed as modified by this Court.

## FACTS AND PROCEDURAL HISTORY

¶ 2.     Eddie Bryant was charged under a three-count indictment for the crimes of aggravated assault, shooting into a dwelling house and depraved heart murder. The jury returned a verdict finding Bryant guilty as charged in the first two counts and finding Bryant "guilty of manslaughter as to Count III." In the Jury and Verdict form, the trial court correctly indicated that the jury had found Bryant guilty of manslaughter on Count III. However, the sentencing order states,

> THIS DAY . . . came also the defendant, Eddie Bryant, . . . tried in this Court on the indictment charging him with the crimes of Count I - Aggravated Assault, Count II - Shooting into a Dwelling House and Count III - Murder, and having been convicted by a jury on a former day of this Court of Counts I, II, and III, now appears before the bar of the Court for sentencing.

> It is, thereupon, the sentence of the Court that the defendant be and he is hereby sentenced to ten (10) years for Count I, ten (10) years for Count II and twenty (20) years for Count III, all time to run consecutive and to be served in the custody of the Mississippi Department of Corrections. Defendant is further ordered to pay court costs of $252.50

> and bond fee of $20.00

Therefore, the trial court incorrectly indicated in the sentencing order that Bryant was convicted of murder. However, the trial court properly sentenced Bryant to twenty years for manslaughter. Bryant's Notice of Criminal Disposition to the Mississippi Department of Corrections incorrectly indicates that he was convicted of murder under Miss. Code Ann. § 97-3-19(1)(b) (Rev. 2000). The notice should state that Bryant was convicted of manslaughter under Miss. Code Ann. § 97-3-25 (Rev. 2000).

¶ 3.     Bryant appealed his conviction, but did not raise the error regarding the nature of his conviction as an issue. After reviewing the issues Bryant raised on appeal, the Court of Appeals held that

2

the judgment of the Circuit Court of Washington County of conviction of count I aggravated assault and sentence of ten years, count II shooting into a dwelling house and sentence of ten years, *and count III murder* and sentence of twenty years, all sentences to run consecutively and to be served in the custody of the Mississippi Department of Corrections, is affirmed. Costs of this appeal are assessed to Washington County.

***Bryant v. State***, 2002 WL 982589,* 5 (¶19) (Miss. Ct. App. 2002) (emphasis added). The Court of Appeals also incorrectly referred to Bryant's conviction as "Count III murder." Bryant filed a petition for writ of certiorari and argued that it was error for the trial court to admit testimony and evidence regarding the type of projectile and shell casings found at or near the crime scene. Bryant's petition for certiorari is silent regarding the conviction error.

## DISCUSSION

¶ 4.     We find that the issues raised in Bryant's petition for writ of certiorari are without merit. This Court adopts the Court of Appeals' opinion as the opinion of this Court as to the issues raised by Bryant. However, after thorough review of the record and discovery of the conviction error located in the trial court's sentencing order, this Court must correct the error. Accordingly, we find that the judgment of the trial court regarding Bryant's sentencing order and the opinion of the Court of Appeals should be affirmed as modified.

¶ 5.     Plain error may be noticed under the authority of Mississippi Rules of Appellate Procedure 28(a)(3). That rule provides,

> (3) *Statement of Issues.* A statement shall identify the issues presented for review. No separate assignment of errors shall be filed. Each issue presented for review shall be separately numbered in the statement. No issue not distinctly identified shall be argued by counsel, except upon request of the court, *but the court may, at its option, notice a plain error not identified or distinctly specified.*

M.R.A.P. 28(a)(3) (emphasis added). The plain error rule is recognized in Mississippi case law to prevent the manifest miscarriage of justice, despite failure to preserve the error. *Johnson v. Fargo,* 604 So.2d 306, 311 (Miss. 1992). "Plain error" is error that affects the substantive rights of a defendant. *Grubb v. State*, 584 So.2d 786, 789 (Miss. 1991). *See also Johnson v. State,* 452 So.2d 850, 853 (Miss. 1984); *House v. State,* 445 So.2d 815, 820 (Miss. 1984); *Hooten v. State,* 427 So.2d 1388 (Miss. 1983); *Fondren v. State,* 253 Miss. 241, 175 So.2d 628 (1965). The error in Eddie Bryant's conviction affects his substantive rights and requires correction. This Court invokes the plain error doctrine in order to correctly reflect Bryant's conviction under Count III to be manslaughter instead of murder, as set out in the trial court's sentencing order and Bryant's Notice of Criminal Disposition to the Mississippi Department of Corrections.

## CONCLUSION

¶6.      Accordingly, for the reasons stated above, this Court affirms the judgment of the Circuit Court of Washington County of conviction of aggravated assault and shooting into a dwelling house.  This Court affirms, as modified, the judgment of the Circuit Court of Washington County of conviction of manslaughter instead of murder.

¶ 7.      **AFFIRMED AS MODIFIED.**

**PITTMAN, C.J., WALLER, COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.  McRAE, P.J., CONCURS IN RESULT ONLY.**