BRIDGES, P.J.,
for the Court.
¶ 1. Undrea 0. Minor was convicted in the Circuit Court of Newton County of willfully, unlawfully, and feloniously photographing P.T., a child under the age of eighteen years, engaging in sexually explicit conduct or in the simulation of sexually explicit conduct, contrary to and in violation of Miss.Code Ann. § 97-5-33(2) (Rev.2000). He was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $25,000, with $22,500 suspended, and all court costs. Aggrieved by the conviction, Minor now appeals claiming that (a) the statute did not apply to his conduct, and (b) the circuit court erred in denying the admission of certain photographs of P.T. Finding both issues without merit, we must affirm Minor’s conviction and sentence.
FACTS
¶2. In November of 2002, Undrea O. Minor and Talmage Blackwell, ages twen *1166 ty-six and twenty-five, respectively, visited the home of P.T., a female fifteen years of age. When asked her age, P.T. responded that she was eighteen; however, Blackwell, having known P.T. for a few years, knew that she was only fifteen.
¶ 3. Once alone, P.T. asked Minor and Blackwell to photograph her with a camera that she had purchased. They agreed, and she subsequently removed most of her clothing. Minor and Blackwell then took turns posing with P.T. while the other took pictures. In one picture, Minor photographed Blackwell with one hand on P.T.’s side while the other was in her underpants. Blackwell, in turn, photographed Minor with one hand on P.T.’s breast while the other was in her underpants. P.T. later developed the pictures and kept them for herself.
¶4. P.T. lived with her mother in a mobile home, and the Newton County Department of Children and Family Services (DCFS) had been notified that the living-conditions at the home were unacceptable. As a result, the DCFS removed P.T. from the house and took custody of her, subsequently taking her to the Mississippi Children’s Shelter in Hattiesburg. Shortly thereafter, P.T. ran away from the shelter leaving behind a number of personal belongings, including the pictures with Minor and Blackwell. The shelter contacted Su-die Mae Meriweather, a social worker with the DCFS, and informed her of the pictures, so Meriweather then notified Dan Hurst, an officer with the Hickory Police Department. Am investigation ensued, resulting in Minor and Blackwell being identified and eventually arrested.
LAW AND ANALYSIS
A.
Applicability of the Exploitation Statute
¶ 5. Stating his first issue on appeal, Minor submits the following verbatim: “The statute did not apply to appellant’s behavior; the verdict was against the overwhelming weight of the evidence.” Viewing this statement alone, Minor appears to assert that the exploitation statute, under which he was convicted, is inapplicable to the facts of this case, and therefore, the verdict is contrary to the weight of the evidence. However, we are left to assume that this is Minor’s contention because he fails to link these unrelated claims in his argument. The substantive argument advanced by Minor essentially claims that Section 97-5-33(2) of the Mississippi Code Annotated is designed to prevent the exploitation of minors, such as P.T., by criminalizing the obtaining of their participation in the making of sexually explicit materials or pornography, but since P.T. was the actual procurer of the obscene photographs, his conviction under this statute was improper.
¶ 6. In accordance with the Mississippi Rules of Appellate Procedure, an appellant’s brief must “contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.” M.R.A.P. 28(a)(6). As his only source of authority, Minor cites New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), a United Stated Supreme Court opinion supporting nothing other than his assertion that he was convicted under an anti-pornography law. Consequently, this issue is procedurally barred, so we will not address the merits of his claim. See Read v. Southern Pine Elec. Power Ass’n, 515 So.2d 916, 920 (Miss.1987).
B.
Admissibility of Evidence
¶ 7. In his second assignment of error, Minor claims that the trial court erred in *1167 denying his attempts to introduce into evidence similarly provocative photographs of P.T. taken by other individual(s) prior, to those of Minor and Blackwell. The court denied admission of the photographs by sustaining the State’s objection as to relevance; however, Minor maintains that these additional photographs are relevant. Although he fails to state in his brief the basis of his contention, the court transcripts reveal Minor’s claim of relevance is founded upon the contention that the additional photographs support his defense that he did not take any pictures. The sum of his argument defines relevant evidence, declares evidence with any probative value favors admission, asserts that much evidence is relevant, and then concludes that the photographs are certainly relevant.
¶ 8. The standard by which we review the trial court’s rulings regarding the admission or exclusion of evidence is abuse of discretion, and we will not reverse an erroneous ruling unless a substantial right of a party is adversely affected. Floyd v. City of Crystal Springs, 749 So.2d 110, 113(¶ 12) (Miss.1999) (citations omitted). Reversal is unwarranted here because the trial court properly denied Minor’s request to admit the additional photos into evidence. The photos are irrelevant, and thus prejudice Minor’s defense in no way, because Minor is not only implicated in the commission of the crime by his personal appearance in a picture with P.T., but also by P.T.’s testimony that he took the pictures of her posing with Blackwell. Furthermore, actual admission of the pictures into evidence was unnecessary because the court allowed Minor’s counsel to question P.T. during trial about the other photos. As a result, no right of Minor was harmed, so we can only conclude that the trial court’s ruling was not an abuse of discretion.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OF CONVICTION OF EXPLOITATION OF A CHILD AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A FINE OF $25,000, WITH $22,500 SUSPENDED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ„ CONCUR.