¶ 1. A Newton County jury found Talmage Blackwell guilty of conduct embraced by the broad language of Mississippi's child exploitation statute, which prohibits any person from photographing anyone under the age of eighteen "engaging in sexually explicit conduct or in the simulation of sexually explicit conduct." Miss. Code Ann. § 97-5-33(2) (Rev. 2000). Under § 97-5-35, the penalty statute, the trial court sentenced Blackwell to serve ten years in the custody of the Mississippi Department of Corrections and ordered him to pay a fine of $25,000, with $22,500 suspended. Blackwell appeals, citing error in the trial court's failure to instruct the jury as to the definition of sexually explicit conduct found at Mississippi Code Annotated section 97-5-31(b) (Rev. 2000), and in the trial court's giving of a jury instruction that was unsupported by the evidence. We find no error and affirm.
 FACTS ¶ 2. The following facts were presented at the trial. In November 2002, Blackwell, age twenty-five, and Undrea O. Minor, age twenty-six, visited the residence of P.T., a fifteen-year-old girl who lived in a trailer with her mother. According to P.T.'s testimony, once the three were alone, P.T. produced a camera and repeatedly asked Blackwell and Minor to photograph her. They eventually agreed. In turn, both Blackwell and Minor posed with P.T. as the other man took pictures. Later, P.T. had the photographs developed and she saved them. P.T. said she had told Blackwell and Minor that she was eighteen years old. But, P.T. thought Blackwell knew she was only fifteen because he had known her for several years.
 ¶ 3. Five photographs were admitted at the trial. In all the photos, P.T. is clothed in a brassiere and underwear. Three photos were taken by Blackwell. Two of these photos show Minor standing behind P.T. with one hand on her breast and one hand in her underwear. In another photo, Minor's hands are on P.T.'s buttocks. A photo taken by Minor shows Blackwell standing beside P.T. with one hand on her side and one hand in her underwear. A similar photo shows Blackwell's hands on P.T.'s leg and stomach.
 ¶ 4. The Newton County Department of Children and Family Services (DCFS) removed P.T. from her mother's trailer after being notified of deplorable living conditions at the trailer. DCFS placed P.T. at the Mississippi Children's Shelter in Hattiesburg. Three hours after her arrival at the shelter, P.T. ran away, leaving behind her personal belongings. Among these personal belongings were the pictures of P.T. with Blackwell and Minor. The shelter contacted Sudie Mae Meriweather, a social worker with DCFS, and informed her of the pictures. Upon viewing the *Page 455 
pictures, Meriweather contacted Dan Hurst with the Hickory Police Department. Hurst investigated and discovered that the men in the pictures were Blackwell and Minor. The two were indicted under Mississippi Code Annotated section 97-5-33(2), and on August 5, 2003, Blackwell and Minor were tried together and found guilty of child exploitation. This Court has affirmed Minor's conviction.Minor v. State, 904 So.2d 1164 (Miss.Ct.App. 2004).
 LAW AND ANALYSIS I. THE JURY WAS NOT INSTRUCTED PROPERLY AND ADEQUATELY AS TO THE ELEMENTS OF THE CRIME CHARGED.
 II. THE COURT ERRED IN GIVING THE JURY AN INSTRUCTION WHICH WAS NOT SUPPORTED BY THE EVIDENCE.
 ¶ 5. This Court addresses Blackwell's two arguments together since both assign error in the trial court's instruction of the jury on the element of sexually explicit conduct. Blackwell was convicted under Mississippi Code Annotated § 97-5-33(2) (Rev. 2000), which provides: "[n]o person shall photograph, draw, sketch, film, video tape or otherwise depict or record a child engaging in sexually explicit conduct or in the simulation of sexually explicit conduct." A companion statute defines a child as "any individual who has not attained the age of eighteen (18) years" and defines "sexually explicit conduct" as
 actual or simulated
 (I) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
 (ii) Bestiality;
 (iii) Masturbation;
 (iv) Sadistic or masochistic abuse;
 (v) Lascivious exhibition of the genitals or pubic area of any person;
 or
 (vi) Fondling or other erotic touching of the genitals, pubic area, buttocks, anus or breast.
Miss. Code Ann. § 97-5-31(a) and (b) (Rev. 2000).
 ¶ 6. The trial court gave three jury instructions charging that, for a finding of guilt, the jury had to find beyond a reasonable doubt that Blackwell and Minor photographed P.T., a child under the age of eighteen, engaging in sexually explicit conduct or in the simulation of sexually explicit conduct. Blackwell requested Instruction D-18, which attempted to define the term "sexual conduct" by listing various sexual acts. The sexual acts listed in Instruction D-18 did not track the statutory definition of sexually explicit conduct. The court deleted part of Instruction D-18 and gave it as modified. The modified instruction stated, "[t]he [c]ourt instructs the jury that the term `sexual conduct' means and applies to all forms of sexual intercourse actually or simulated."
 ¶ 7. Blackwell argues that the jury instructions were fatally deficient because the jury was not provided with the statutory definition of sexually explicit conduct and because Instruction D-18 misinstructed the jury that, for a finding of guilt, it had to find that P.T. was engaging in actual or simulated sexual intercourse in the photos, a conclusion unsupported by the photographic evidence. Blackwell failed to preserve these arguments for appellate review. Blackwell never requested a jury instruction defining sexually explicit misconduct according to §97-5-31(b). And, Blackwell himself requested D-18, the jury instruction he now urges was erroneous. Thus, both Blackwell's appellate issues are barred from our consideration. *Page 456 Dedeaux v. State, 630 So.2d 30, 32-33 (Miss. 1993).
 ¶ 8. Blackwell urges that this Court apply plain error review to his issues. M.R.A.P. 28(a)(3). Under the plain error rule, this Court will review an issue that was not preserved in the court below in order to prevent manifest injustice. Bryant v.State, 844 So.2d 1153, 1155 (¶ 5) (Miss. 2003). A "plain error" is an error that affects the appellant's substantive rights.Id. "The plain error doctrine has been construed to include anything that `seriously affects the fairness, integrity or public reputation of judicial proceedings.'" United States v.Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508
(1993). We proceed to determine whether there was any error in the instruction of the jury susceptible to plain error review.
 ¶ 9. Blackwell avers that the trial court's failure to submit jury instructions on an essential element of the charged crime constitutes fundamental error requiring reversal. Hunter v.State, 684 So.2d 625, 636 (Miss. 1996). But see Kolberg v.State, 829 So.2d 29, 50-51 (¶¶ 40-41) (Miss. 2002) (applying harmless error analysis to the issue). Blackwell argues that the court's failure to instruct the jury on the statutory definition of sexually explicit conduct amounted to a failure to instruct the jury on an essential element of the crime. We disagree. The jury was given three instructions stating that, for a finding of guilt, it had to find beyond a reasonable doubt that Blackwell photographed a person under the age of eighteen engaging in sexually explicit conduct or in the simulation of sexually explicit conduct. Thus, contrary to Blackwell's assertion, the jury was instructed on all of the essential elements of the crime of child exploitation by three jury instructions tracking the language of § 97-5-33(2).
 ¶ 10. More troublesome is the trial court's grant of Instruction D-18, which defined "sexual conduct" as encompassing "all forms of sexual intercourse actually or simulated." Blackwell contends that this instruction misinformed the jury that the element of sexually explicit conduct included only acts of actual or simulated sexual intercourse. He contends that, because no acts of sexual intercourse or simulated sexual intercourse were depicted in the photos of P.T., the instruction was unsupported by the evidence and should not have been granted.
 ¶ 11. "[A] trial judge may refuse an instruction which incorrectly states the law, is without foundation in the evidence, or is stated elsewhere in the instructions." Murphy v.State, 566 So.2d 1201, 1206 (Miss. 1990). This Court determines error in the granting or refusal of jury instructions by viewing the instructions actually given as a whole. Collins v. State,691 So.2d 918, 922 (Miss. 1997). If the instructions, read as a whole, fairly announce the law of the case and create no injustice, there is no reversible error. Id.
 ¶ 12. Instruction D-18, defining "sexual conduct" as actual or simulated sexual intercourse, incorrectly stated the law since "sexual conduct" is not an element of the charged crime of child exploitation as defined by § 97-5-33(2). Because the instruction was an incorrect statement of the law, the trial court erred by granting the instruction. But, contrary to Blackwell's argument, Instruction D-18 did not misinform the jury on the element of sexually explicit conduct. Plainly, the language of D-18 defined "sexual conduct," a term that did not appear in the three instructions which set forth the elements that the jury had to find beyond a reasonable doubt in order to convict Blackwell. Nor did the term appear in any of the other jury instructions.
 ¶ 13. We find that no injustice resulted in the granting of the erroneous instruction in this case. The jury was *Page 457 
instructed three times that to find Blackwell guilty it had to find beyond a reasonable doubt that P.T. engaged in sexually explicit conduct, along with the other essential elements of child exploitation under § 97-5-33(2). Instruction D-18 defined none of these elements. Thus, the jury instructions, when read as a whole, fairly announced the law of the case and did not create an injustice. See Milano v. State, 790 So.2d 179, 185 (¶ 22) (Miss. 2001). The error in this case did not result in manifest injustice, and Blackwell is entitled to no relief.
 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY OFCONVICTION OF CHILD EXPLOITATION AND SENTENCE OF TEN YEARS IN THECUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF$25,000 WITH $22,500 SUSPENDED IS AFFIRMED. ALL COSTS OF THISAPPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.