CARLTON, J.,
Concurring in Result Only:
¶ 19. I agree that the circuit court was in error in denying the motion for post-conviction relief, that the appellant should be allowed to withdraw his guilty pleas, and that the case should be reversed and remanded to the active criminal docket.
*1176 ¶20. I respectfully disagree with the majority’s language that there was no factual basis presented to the Court during the hearing on the motion for post-conviction relief. Carreiro admitted that he entered the sanctity and privacy of the bedroom of this seven-year-old girl while she slept, with the intent to take pictures for the lascivious purposes of the exhibition of her private areas and buttocks. During the hearings on the motion for post-conviction relief, the trial judge ensured that the guilty pleas were knowing and intelligent and that Carreiro understood the consequences of his pleas. The trial judge was further informed that Carreiro wrote in the evidentiary hearing statement, which was part of the record on the post-conviction relief motion as Exhibit P-4, and that Carreiro took photographs that were also made a part of the record before the court as Exhibit P-3. The trial judge inquired of Carreiro as follows:
Q: Were you taking that photograph because you were aroused by her genital area? You know what genital area means, correct?
A: Yes, sir.
Q: Do you know what the genital area is?
A: Yes, sir.
¶ 21. Carreiro also confirmed that his attorney discussed a defense strategy and articulated that strategy. Carreiro also testify that he had reviewed discovery with his attorney and after such review that he was satisfied that the State could provide beyond reasonable doubt that he was guilty. He also testified that his attorney went over the indictment and the elements of the crime with him and that he understood the elements of the crime. Carreiro also signed a plea petition acknowledging that he understood his rights; that his plea was willing, knowing, and voluntary; and that he was satisfied with his attorney. His attorney also signed the plea petition certifying that he had advised his client of his rights. It is unfortunate that this information was not part of the discussion at the plea hearing.
¶ 22. Carreiro provided quite a detailed confession outlining his intent for exposing her buttocks. The photographs contained in the record reflect that the photographs were not just of the child’s buttocks. The photographs were a closeup of her bottom exposing her buttocks and also the portion of her bathing suit bottom that covered her anal area and her vulva. In prosecution Exhibit A, some of the child’s skin from her labia majora is visible on the side of her bathing suit bottom. In the instant case, Carreiro’s confession provides the following details:
The girl in the pictures B (referring to PE B), well; she a bit young to do much with. But I wanted to at least see how she felt next to me at night. Liked to play with her butt & rub it against my manhood. In picture 2, she is so hot, wanted to just bed her down & get her smell all over me. I wanted to put my manhood in between her cheeks & get off. Wanted to feel her all over....
¶ 23. As stated above, the pictures referred to by Carreiro were made part of the record at the time of the motion for post-conviction relief was filed. This Court in Blackwell v. State, 915 So.2d 453, 456(¶ 12) (Miss.Ct.App.2005) explained that sexually explicit conduct as defined in section 97-5-33(2) does not require actual or simulated sexual intercourse since sexual conduct is not an element of the charged crime of child exploitation. The Mississippi Supreme Court has held that the court is not limited to the transcript of the guilty plea hearing; rather, the court is allowed to “review the record as a whole.” Boddie v. State, 875 So.2d 180, 183(¶ 8) (Miss.2004) *1177 (citing Gaskin v. State, 618 So.2d 103, 106 (Miss.1993)).
¶24. Mississippi Code Annotated section 97-5-33(2) (Rev.2006) provides the following:
No person shall, by any means including computer, photograph, film, video tape or otherwise depict or record a child engaging in sexually explicit conduct or in the simulation of sexually explicit conduct.
¶25. Mississippi Code Annotated section 97-5-31 (Rev.2006) defines the terms used in the relevant code sections dealing with child exploitation. Mississippi Code Annotated section 97-5-31 (a) defines a child as any individual who has not attained the age of eighteen. Mississippi Code Annotated section 97-5-31(b)(v) defines sexually explicit conduct as actual or simulated lascivious exhibition of the genitals or pubic area of any person.
¶ 26. The evidentiary hearing on the post-conviction relief motion revealed that a factual basis for this guilty plea in this case existed (but was not made part of the underlying plea colloquy) because Carreiro admitted to photographing the child engaging in sexually explicit conduct with actual or simulated lascivious exhibition of the genitals or pubic area of the child. At the post-conviction relief evidentiary hearing the trial judge had before him in evidence the photograph taken by Carreiro of the child’s buttocks area displaying a portion of her bathing suit covering her anus and vulva. However, at the original underlying plea colloquy, the record contained no evidence, and neither the defendant nor the prosecution provided a factual basis of the guilty plea in the record for the trial court to review.
¶ 27. With respect to count two, the majority states that the record fails to contain evidence of any touching. I agree with the majority to the extent that a review of Carreiro’s confession shows that he did not admit to directly touching the skin of the child, and a review of the evidence before the court reflects that apparently no witnesses were present to provide any direct eyewitness testimony of actually seeing him touch or not touch the child while moving her bed blankets for her picture pose. However, I respectfully submit that based on the limited evidence presented during the evidentiary hearing on the motion for post-conviction relief that sufficient evidence exists from which a jury might logically infer from his confession, from the child’s photograph of her buttocks and anal/vulva area in a swimsuit, and from other circumstantial evidence which may possibly be offered, that Car-reiro touched the child in her bed when he moved her blanket to get the pose he desired for his picture to satisfy his lustful desires. See, e.g., Montgomery v. State, 515 So.2d 845, 848 (Miss.1987). I further respectfully submit that based upon the limited evidence presented during the post-conviction relief motion hearing that sufficient evidence exists from which a jury could infer that Carreiro’s touching was in fact for the purpose of “indulging his depraved, licentious sexual desires.” Note, Carreiro admitted in his confession to entering the child’s room while she was asleep, and he admitted to removing the child’s blanket that was on her so he could photograph her for his lustful purposes.
¶ 28. A review of the elements in count two, for the offense of lustful touching of a child under the age of sixteen, aids in the discussion of my analysis of this issue. Mississippi Code Annotated section 97-5-23(1) (Rev.2006) makes it a crime for “[a]ny person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch, or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen *1178 (16) years, with or without the child’s consent ... shall be guilty of a felony....”
¶ 29. Carreiro’s confession explains that:
[He] positioned the covers just right so [he] could get a good look at her butt. When [he] was taking these pictures, [he] had thoughts of undressing her and climbing into bed with her. Thinking how she would feel next to [him]. Thought about rubbing her all over esp. her butt. Wanted to feel her butt against my manhood, & move her up & down against my manhood until [he] got off.
¶ 30. To violate section 97-5-28(1), the statute does not require that the child be engaged in any lascivious conduct or that the defendant touch any particular part of the child. The crime of lustful touching of a child under the age of sixteen is met when a person above the age of eighteen handles, touches, or rubs such a child with any part of the defendant’s body for lustful purposes or depraved, licentious sexual desires. Such a touching may be proven through direct or circumstantial evidence. Sexual offenses against a child are not likely to be perpetrated in the light of day in public places or in view of witnesses. In a case where a child is asleep, circumstantial evidence may be the only evidence available other than any statement or evidence provided by the defendant.
¶ 31. Based on the foregoing, I disagree with the majority as to its conclusions on count one and count two. However, I would, as the opinion does, remand the case to the active trial docket of the Circuit Court of Lincoln County.
LEE AND MYERS, P.JJ., JOIN THIS SEPARATE OPINION.