17 So.3d 142 (2009)
Corey AUCOIN, Appellant,
v.
STATE of Mississippi, Appellee.
Corey Aucoin, Appellant,
v.
State of Mississippi, Appellee.
Nos. 2007-CA-02004-COA, 2007-CA-02295-COA.
Court of Appeals of Mississippi.
March 24, 2009.
Rehearing Denied June 30, 2009.
Certiorari Denied September 17, 2009.
*143 Raymond Osborn Boutwell, attorney for appellant.
Office of the Attorney General by Laura H. Tedder, attorney for appellee.
EN BANC.
ROBERTS, J., for the Court.
¶ 1. Corey Aucoin filed two separate petitions for post-conviction relief in the Lincoln County Circuit Court, challenging the legality of his convictions and sentences after entering guilty pleas to four criminal charges. The circuit court summarily denied both petitions. Aucoin now appeals, alleging that the circuit court erred in (1) denying his petitions without an evidentiary hearing, (2) accepting the plea of guilty when no factual basis existed, (3) ordering a single sentence for three of the four charges, and (4) ordering him to pay restitution to non-victim entities.
¶ 2. We find merit to Aucoin's argument that there was no factual basis for his guilty pleas. Although the remainder of Aucoin's issues are rendered moot by that conclusion, we further note for instructive purposes that the circuit court erred when it gave Aucoin a single sentence for three separate charges. Therefore, we reverse the judgment of the circuit court and remand these matters to the active trial docket of the Lincoln County Circuit Court.

FACTS AND PROCEDURAL HISTORY
¶ 3. Aucoin was indicted in Cause No. 04-232 for possession of less than one-tenth of a gram of methamphetamine. He pled guilty to that charge, and the circuit court sentenced him to serve four years in the custody of the Mississippi Department of Corrections (MDOC). Aucoin also was indicted in Cause No. 05-166 on three counts: possession of at least one-tenth of a gram but less than two grams of methamphetamine, possession of two or more *144 precursor chemicals with intent to manufacture methamphetamine, and the manufacture of methamphetamine. Aucoin also pled guilty to those charges. The circuit court accepted Aucoin's guilty pleas and sentenced him to serve thirty years in the custody of the MDOC, with six years to serve followed by twenty-four years of post-release supervision. The circuit court ordered that the sentence in Cause No. 05-166 was to run concurrently with the sentence in Cause No. 04-232. The circuit court also ordered Aucoin to pay a fine in the amount of $14,000 and restitution to several entities in the total amount of $754.05.
¶ 4. Aucoin later filed two separate petitions for post-conviction relief-one for each of the previously mentioned cause numbers. As stated, the circuit court summarily denied both petitions. Aggrieved, Aucoin appealed both denials, which have been consolidated for resolution.[1]

STANDARD OF REVIEW
¶ 5. The standard of review of a trial court's denial of a petition for post-conviction relief is well settled. "When reviewing a lower court's decision to deny a petition for post[-]conviction relief [an appellate court] will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Lambert v. State, 941 So.2d 804, 807(¶ 14) (Miss. 2006) (quoting Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)). However, questions of law are reviewed de novo. Id.

ANALYSIS

I. DENIAL OF EVIDENTIARY HEARINGS
¶ 6. Aucoin argues in both cause numbers that the circuit erred in denying his petition for post-conviction relief without conducting an evidentiary hearing. He claims that his guilty pleas were involuntary as a matter of law because they were not freely, intelligently, and voluntarily made and because there was no factual basis to support them. Consequently, Aucoin argues that he was denied due process of law as guaranteed by the Fourteenth Amendment. He further asserts that persons are entitled to an in-court opportunity to prove constitutional claims when there has been a denial of a constitutional state or federal right.
¶ 7. Under Mississippi Code Annotated section 99-39-11(2) (Rev.2007), the circuit court has the authority to summarily dismiss a defendant's petition for post-conviction relief, "[i]f it plainly appears from the face of the [post-conviction relief] motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]"

A. Voluntariness of Aucoin's Guilty Pleas
¶ 8. The law is well settled in this state that certain prerequisites must be met before a defendant's guilty plea may be adjudicated to have been given freely, knowingly, and voluntarily. Our supreme court has held:
A defendant must be advised concerning the nature of the charge against her and the consequences of her plea including the minimum and maximum sentences that may be imposed. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). The defendant must be told that her guilty plea waives several constitutional *145 rights including her right to trial by jury, the right to confront adverse witnesses and the right to protection against self-incrimination.
Hannah v. State, 943 So.2d 20, 25(¶ 12) (Miss.2006).
¶ 9. The following excerpt from the plea colloquy reflects the voluntariness of Aucoin's guilty plea:
BY THE COURT: You have a right to a trial by jury, the right to challenge the makeup of the grand jury that indicted you and of the trial jury that will try your case. You have the right to have subpoenas issued through the Circuit Clerk's office to be served on your witnesses so they would be available to testify for you at trial. You have the right that anyone who testifies against you must do so in your presence and the right for your attorney to cross-examine any witness who testifies against you. You have a right to not give any information that would incriminate you or furnish any evidence at all. You have the right to testify as well as the right not to testify and the right to make your own mind up as to whether or not you wish to testify at the trial of your case. You do not have to prove anything. The burden of proof is entirely upon the State to prove your guilt by credible evidence and beyond any reasonable doubt and if the State fails to so prove your guilt beyond a reasonable doubt, the jury would be under a duty to find you not guilty. You have a right that all twelve jurors would have to agree as to any verdict of guilty or not guilty. Even if you were found guilty by the verdict of the jury, you would still have the right to appeal to the Mississippi Supreme Court. Do you understand each of those rights?
BY MR. AUCOIN: Yes, Your Honor, I do.
BY THE COURT: On the possession of less than .1 gram of methamphetamine, the minimum sentence is one year. There is no minimum fine. The maximum sentence is four years and the maximum fine is $10,000. On the possession of more than .01 of a gram but less than 2 grams, the minimum is 2 years. There is no minimum fine. The maximum sentence is 8 years. The maximum fine is $50,000. On the possession of two or more precursors with intent to manufacture, no minimum sentence, no minimum fine; maximum sentence is 30 years, maximum fine is $1M dollars. On the manufacture of methamphetamine, no minimum sentence, minimum fine $5,000; maximum sentence 30 years, maximum fine $1M dollars. So the maximum sentence is 72 years and the maximum fine is $2,060,000.00. Do you understand those maximum penalties?
BY MR. AUCOIN: Yes, Your Honor.
BY THE COURT: Do you understand that a guilty plea waives all these rights that we've gone over and places you in a position where you can be sentenced by the Court up to the maximum penalty provided by law?
BY MR. AUCOIN: Yes, Your Honor.
BY THE COURT: Has anybody threatened, abused, or promised you anything to cause you to want to plead guilty?
BY MR. AUCOIN: No, Your Honor.
BY THE COURT: Are you pleading guilty because you are guilty and for no other reason?
BY MR. AUCOIN: Yes, Your Honor.
. . . .

*146 BY THE COURT: Have you fully understood all of your rights?
BY MR. AUCOIN: Yes, Your Honor.
BY THE COURT: To each of these charges, how do you plead?
BY MR. AUCOIN: Guilty, Your Honor.
¶ 10. The above colloquy contradicts the allegations in Aucoin's petitions for post-conviction relief that his guilty pleas were not voluntarily and knowingly given. The colloquy contains sworn testimony by Aucoin which clearly demonstrates that he freely and knowingly entered the guilty pleas in question. Therefore, the circuit court was not required to conduct an evidentiary hearing based on the alleged involuntariness of Aucoin's guilty pleas, as it plainly appears from the transcript of the plea qualification hearing that Aucoin was not entitled to any relief based on the allegation of the involuntariness of his guilty pleas. This contention of error is without merit.

B. Factual Basis for Aucoin's Guilty Pleas
¶ 11. Next, Aucoin asserts that the circuit court erred in denying his petitions for post-conviction relief on the ground that there was no factual basis to support his guilty pleas. Aucoin relies on Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court. "Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea." URCCC 8.04(A)(3). A defendant may establish a factual basis for his guilty plea simply by pleading guilty; however, his plea "must contain factual statements constituting a crime or be accompanied by independent evidence of guilt." Hannah, 943 So.2d at 26-27(¶ 16) (emphasis added). In other words, "a factual basis is not established by the mere fact that a defendant enters a plea of guilty." Id. Rather, the record must contain those facts which are "sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal." Lott v. State, 597 So.2d 627, 628 (Miss.1992) (quoting United States v. Oberski, 734 F.2d 1030, 1031 (5th Cir.1984)). Finally, we are not limited to a review of a defendant's plea transcript when determining if a factual basis existed for his guilty plea, but we may review the record as a whole for evidence of such. Boddie v. State, 875 So.2d 180, 183(¶ 8) (Miss.2004).
¶ 12. The transcript of the guilty pleas to the four separate felonies presently at issue encompasses only eight pages of the record. During those guilty pleas, no one recited the facts and circumstances under which Aucoin committed any of the four crimes. The only references that even remotely touch on a factual basis whatsoever for Aucoin's guilty pleas during the hearing occurred when the circuit court asked Aucoin whether his attorney went over the indictments with him, whether his attorney explained the elements of the crimes to which he was pleading guilty, whether he was pleading guilty because he was guilty and for no other reason, and whether he was satisfied that the prosecution could prove beyond a reasonable doubt that he was guilty-presumably of all four charges. Aucoin responded affirmatively to all of those questions. The prosecution never explained the evidence that it was prepared to present if Aucoin would have proceeded to trial. The circuit court never asked Aucoin to elaborate on the factual details of any of the four offenses alleged in the two indictments. The record contains no sworn plea petition, no copy of Aucoin's indictments, no "know your rights" form, nor any other evidence from which an appellate court can glean any facts relating to the crimes.
*147 ¶ 13. A defendant waives his constitutional right to remain silent when he pleads guilty. It is not an unreasonable burden for a circuit court judge, as a preliminary matter to accepting a guilty plea, to require that a defendant detail exactly what he or she did that constitutes the crime to which the defendant is pleading guilty. Should a defendant fail or refuse to admit sufficient facts for the circuit court to conclude that the defendant committed the crime for which he or she is accused, the circuit court must either refuse to accept the guilty plea or fully satisfy the requirements of an Alford best interest plea as detailed by the United States Supreme Court in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
¶ 14. Furthermore, the requirement of a factual basis for a defendant's plea is not a mere formality of the plea process, but it is required as part of a "constitutionally valid and enforceable decision to plead guilty." Carter v. State, 775 So.2d 91, 98(¶ 28) (Miss.1999) (quoting Lott, 597 So.2d at 628). Before a circuit court judge is authorized to accept an accused's plea to a felony offense and thereafter potentially deprive the accused of years of his liberty, the judge and any reviewing court must be able to ascertain from the record those facts which are "sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal." Lott, 597 So.2d at 628.
¶ 15. The dissent relies on the Mississippi Supreme Court's opinion in Boddie, 875 So.2d at 183(¶ 8). However, the facts in this case are completely different from the facts in Boddie. In that case, the supreme court found that there was an adequate and sufficient factual basis for the petitioner's guilty plea. Id. at 183-84(¶ 9). The supreme court reached its decision after finding that "[w]hile the transcript of the guilty plea hearing contain[ed] no specific reference to a factual basis for the charge of transfer of cocaine, Boddie made a statement, which the trial court ruled to be admissible, in which he admitted to the crime alleged in the indictment." Id. at 183(¶ 8). Accordingly, the supreme court's finding of a sufficient factual basis in Boddie was based on matters that did not occur during the plea hearing. In particular, the supreme court concluded that Boddie's admission, which became a matter of record prior to Boddie's guilty plea, was sufficient to create a factual basis for Boddie's plea. Id. at 183-84(¶ 9).
¶ 16. In Aucoin's case, there are no extraneous matters from which we can find a sufficient factual basis for Aucoin's four guilty pleas. There was no evidentiary hearing that established a factual basis such as the one that occurred in Boddie. As previously mentioned, the record does not contain either of the indictments, a petition to plead guilty, or even the familiar "know your rights" form. The absence of a factual basis for any of Aucoin's guilty pleas in this case is striking.
¶ 17. We find that the facts preserved in the record presently before us simply do not establish, by any standard, that Aucoin committed any of the felonies charged in the indictments. As such, we find that no factual basis existed for any of Aucoin's guilty pleas. Consequently, we reverse the circuit court's decision to deny Aucoin's petitions for post-conviction relief, set aside his guilty pleas, and remand these matters to the active trial docket of the Lincoln County Circuit Court.

II. THE LEGALITY OF THE SENTENCE IN CAUSE NO. 05-166
¶ 18. Although this issue is rendered moot by our conclusion of the previous issue, we address it briefly for instructive purposes. Aucoin asserts that the *148 sentence for Cause No. 05-166 is general and, therefore, illegal. He argues that since separate sentences were not imposed for each charge, the sentence ordered by the court should be vacated. We agree.
¶ 19. In criminal cases, multiple offenses, which are triable in the same court, may be charged in the same indictment with a separate count for each offense. Miss.Code Ann. § 99-7-2(1) (Rev.2007). However, trial courts are required to impose separate sentences for each conviction. Miss.Code Ann. § 99-7-2(3) (Rev. 2007). Accordingly, the imposition of a general sentence is illegal. It is well settled that the right to be free from an illegal sentence has been found to be a fundamental right. Ivy v. State, 731 So.2d 601, 603(¶ 13) (Miss.1999).
¶ 20. Aucoin was convicted of three separate offenses in Cause No. 05-166. However, the court imposed a general sentenceone that did not distinguish the time to be served for each count. Specifically, the circuit court sentenced Aucoin to serve thirty years in the custody of the MDOC with six years to serve followed by twenty-four years of post-release supervision. Specific sentences for each conviction were required. We remind circuit courts to be mindful of this requirement of sentencing offenders convicted of multiple counts.

III. THE LEGALITY OF THE RESTITUTION
¶ 21. Finally, Aucoin alleges that certain restitution ordered by the circuit court does not fall within the statutory definition of "restitution." He further alleges that a defendant may be taxed with the costs, but the expenses of criminal prosecutions are the responsibility of the county. Miss. Const. art. 14, § 261. Based on our resolution of Aucoin's factual basis issue, this issue is moot. For brevity's sake, we will not address it for instructive purposes.

CONCLUSION
¶ 22. Although we find that Aucoin's guilty pleas were voluntarily entered, we conclude that there was not an adequate factual basis in the record for any of the pleas. Accordingly, we reverse the circuit court's denials of Aucoin's petitions for post-conviction relief and remand these matters to the active trial docket of the Lincoln County Circuit Court. Additionally, we remind sentencing courts to render specific and individual sentences incident to multiple-count offenders, rather than a single sentence for multiple counts.
¶ 23. THE JUDGMENTS OF THE LINCOLN COUNTY CIRCUIT COURT IN CAUSE NO. 04-232 AND IN CAUSE NO. 05-166 DENYING THE PETITIONS FOR POST-CONVICTION RELIEF ARE REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., GRIFFIS, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY, LEE AND MYERS, P.JJ., AND BARNES, J.
IRVING, J., Dissenting:
¶ 24. Corey Aucoin was indicted in separate indictments for a total of four felonies: possession of less than one-tenth of a gram of methamphetamine, possession of at least one-tenth of a gram but less than two grams of methamphetamine, possession of two or more precursor chemicals with intent to manufacture methamphetamine, and the manufacture of methamphetamine. The aggregate maximum penalty for these felonies is seventy-two years *149 incarceration in the Mississippi Department of Corrections and a fine of $2,060,000. He pleaded guilty to the charges, and the circuit court convicted him on his pleas. Thereafter, the circuit court sentenced him to serve four years on the charges in the first indictment and thirty years on the charges in the second indictment, with six years to serve in incarceration and the remaining twenty-four years on post-release supervision. The sentences were ordered to run concurrently, resulting in Aucoin having to serve only six years.
¶ 25. The majority finds that the circuit court erred in accepting Aucoin's guilty pleas on the charges because the court lacked a factual basis for accepting the pleas. I disagree. Therefore, I dissent.
¶ 26. First, I should point out that Aucoin does not contend here, and did not contend in the circuit court, that he is not guilty of the charges. In Cause No. 04-232, he sought relief only from the sentencing order.[2] I set forth verbatim the gravamen of his petition:

The judgment for which the Petitioner seeks relief is the sentencing order entered on the 16th day of May, 2005, and filed on the 19th day of May, 2005 in the case styled, "In the Circuit Court of Lincoln County, Mississippi, State of Mississippi versus Corey Aucoin, Cause No. 04-232 MS." A copy of the sentencing order is attached hereto as Exhibit A. The grounds for relief to vacate the judgment are as follows:
That Petitioner's plea was involuntary as a matter of law. The judgment of conviction was entered without due process of law in violation of the Fourteenth and Fifth Amendments to [t]he United States Constitution and Article 3, Section 14 of [t]he Mississippi Constitution. There was no factual basis for the plea as mandated by Rule 8.04A.3. and Rule 8.04A.4.b. of the Uniform Rules of Circuit and County Court Practice. There was no determination that the conduct of the Petitioner constitutes the offense charged. The transcript of the plea and sentencing is attached as Exhibit B.
(Emphasis added).
¶ 27. In Cause No. 05-166, Aucoin also sought relief from the sentencing order only.[3] I set forth verbatim the gravamen of his petition:

The judgment for which the Petitioner seeks relief is the sentencing order entered on the 16th day of May, 2005, and filed on the 19th day of May, 2005 in the case styled, "In the Circuit Court of Lincoln County, Mississippi, State of Mississippi versus Corey Aucoin, Cause No. 05-166 LT-LS." A copy of the sentencing order is attached hereto as Exhibit A. The grounds for relief to vacate the judgment are as follows:
1. That Petitioner's plea was involuntary as a matter of law. The judgment of conviction was entered without due process of law in violation of the Fourteenth and Fifth Amendments to The United States Constitution *150 and Article 3, Section 14 of The Mississippi Constitution. There was no factual basis for the plea as mandated by Rule 8.04A.3. and Rule 8.04A.4.b. of the Uniform Rules of Circuit and County Court Practice. There was no determination that the conduct of the Petitioner constituted each of the offenses charged. The transcript of the plea and sentencing is attached as Exhibit B.
2. That the sentence imposed was an illegal sentence, indefinite, and cannot be corrected without passing a new sentence. Therefore, the judgment is void and Petitioner should be discharged on habeous [sic] corpus.

3. The sentence did not distinguish between the three counts for which Petitioner was charged and cannot be corrected without passing a new sentence.
4. That the sentence is illegal as it includes restitution that is in violation of Petitioner's rights under the due process clause of the Fourteenth Amendment and Fifth Amendment to The United States Constitution and Article 3, Section 14 of The Mississippi Constitution. Restitution is only allowed to the victim as defined in Section 99-37-1 Mississippi Code Annotated 1972 and, if required, under Section 99-37-3 Mississippi Code Annotated 1972. All restitution ordered in this case would amount to an excessive fine under Article 3, Section 28 of The Mississippi Constitution. That the restitution ordered is in violation of Article 14, Section 261 of The Mississippi Constitution.
(Emphasis added).
¶ 28. The Mississippi Supreme Court has stated that in deciding whether there is a sufficient factual basis for a plea, "[i]n the end there must be enough that the court may say with confidence the prosecution could prove the accused guilty of the crime charged, `that the defendant's conduct was within the ambit of that defined as criminal.'" Corley v. State, 585 So.2d 765, 767 (Miss.1991) (quoting United States v. Broce, 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)).
¶ 29. In Boddie v. State, 875 So.2d 180, 181(¶ 1) (Miss.2004), our supreme court was faced with the same issue that we are faced with todaywhether there was a factual basis to support a defendant's guilty plea. Franklin Rashad Boddie was convicted of the transfer of cocaine, after he pleaded guilty to the crime. Id. In his petition for post-conviction relief, Boddie sought to vacate his conviction and sentence on the ground that there was no factual basis for his plea. Id. In finding that a factual basis existed, the Boddie court stated:
[T]his Court is not limited to the transcript of Boddie's guilty plea hearing, but we are allowed to review the record as a whole. While the transcript of the guilty plea hearing contains no specific reference to a factual basis for the charge of transfer of cocaine, Boddie made a statement,[4] which the trial court ruled to be admissible, in which he admitted to the crime alleged in the indictment. Boddie also acknowledged at his guilty plea hearing that he was satisfied that the State could prove, beyond a reasonable doubt, that he was guilty of *151 the crime of transfer of cocaine. Thus, based on the totality of the evidence, there existed a factual basis for Boddie's plea of guilty to transfer of cocaine.
Id. at 183(¶ 8) (internal citations omitted and footnote added).
¶ 30. During Aucoin's guilty plea hearing, the circuit court went over the elements of the crimes and also the maximum and minimum penalty for each crime. After doing so, the following exchange took place between the circuit court and Aucoin:
BY THE COURT: Are you pleading guilty because you are guilty and for no other reason?
BY MR. AUCOIN: Yes, Your Honor.
BY THE COURT: Are you satisfied that the State can prove beyond a reasonable doubt that you are guilty?
BY MR. AUCOIN: Yes, Your Honor.
* * * * * *
BY THE COURT: To each of these charges, how do you plead?
BY MR. AUCOIN: Guilty, Your Honor.
¶ 31. In my opinion, a factual basis existed to support Aucoin's guilty pleas. Similar to the defendant in Boddie, Aucoin stated during his plea qualification hearing that he was satisfied that the State could prove him guilty of the crimes beyond a reasonable doubt. Additionally, Aucoin admitted during the hearing that he was guilty of the crimes that were alleged in the indictments. Further, the record reflects the following exchange between Aucoin and the circuit court:
BY THE COURT: Have the attorneys gone over the indictments with you and the elements of the crimes?
BY MR. AUCOIN: Yes, Your Honor.
BY THE COURT: Do you understand the elements of the crimes?
BY MR. AUCOIN: Yes, Your Honor.
BY THE COURT: Did the attorneys go over the discovery material, the police reports and whatnot provided from the district attorney's discovery file with you?
BY MR. AUCOIN: Yes, Your Honor.
BY THE COURT: Have the attorneys answered all of your questions?
BY MR. AUCOIN: Yes, Your Honor.
BY THE COURT: Are you satisfied with your attorneys' representation?
BY MR. AUCOIN: Yes, Your Honor.
¶ 32. In my view, the pertinent facts here are very similar to the facts in Boddie. While it is true that the Boddie court, in reaching its determination that a factual basis existed, referred to an out-of-court statement that Boddie made to the police, a closer look at, and analysis of, that statement reveals little more than what we have here.
¶ 33. Boddie "was indicted for the crimes of transfer of cocaine and aggravated assault. Boddie filed a motion to quash the indictment, alleging that the grand jury did not have sufficient evidence to indict him." Boddie, 875 So.2d at 181(¶ 2). During the hearing on the motion to quash the indictment, the following occurred:
The State informed the court that in order to prove that Boddie transferred cocaine, the prosecution intended to introduce the alleged expert testimony of the drug addict to whom the cocaine was delivered. The trial court held that the "opinion of a drug user that the substance is cocaine is not sufficient." The trial court further stated that "[t]o allow prosecution for the transfer of cocaine indictment when the court has made this ruling, would be improper. The parties have stipulated as to what the proof would be and therefore, this court feels comfortable in granting what is in effect a directed verdict." The trial court also *152 ruled that the statement made by the defendant that he did in fact transfer the cocaine could be used against him to prove motive under the aggravated assault indictment.
Id. at 181-82(¶ 3).
¶ 34. The trial court entered an order embodying the contents of the quoted passage but did not quash the indictment. Id. However, after entry of the order, plea negotiations continued between the State and Boddie, and ultimately, Boddie entered a plea of guilty to the transfer charge. Id. at 182(¶ 4).
¶ 35. Sometime after the plea, Boddie obtained new counsel and filed a petition for post-conviction relief, wherein he alleged "that he should not have been allowed to plead guilty to the charge of transfer of cocaine because the trial court's ruling effectively dismissed the charge against him." Id. at (¶ 5). In denying the petition, the trial court held:
[I] basically was giving an opinion that with that evidence I didn't think the State would prevail, because if they didn't have the substance then the case law was against it, even armed with that ruling the defendant chose to plead guilty to the offense of transfer of cocaine. So, it would just be [an] injustice to allow that to happen. It would defy reason and logic, and the defendant was very well aware of the circumstances, as was his attorney and his [m]other who signed off on the Know Your Rights Form.
Id.
¶ 36. It is, therefore, clear that in Boddie, the issue of the existence vel non of a factual basis arose not in the context of whether the trial court adduced enough information at the plea qualification hearing to support the guilty plea, but in the context of whether there was any evidence to support the guilty plea because of the prior ruling of the trial courta ruling that, in the trial court's own words, was tantamount to the granting of a "directed verdict" in Aucoin's favor. Also, in that same ruling, as we have previously noted, the trial court had emphatically stated that to allow prosecution for the transfer of cocaine indictment when the court has made this ruling, would be improper.
¶ 37. Against the factual backdrop as detailed above, the Boddie court held that the trial court, which had granted what was tantamount to a directed verdict on the charge and had declared that it would be improper to allow prosecution to proceed on the State's evidence, still had a sufficient factual basis for accepting Boddie's guilty plea. As previously noted, in making that determination, the Boddie court relied in part upon a statement made outside of court by Boddie to police "in which he admitted to the crime alleged in the indictment." Id. at 183(¶ 8). The other plank undergirding the Boddie court's ruling with respect to the factual basis was Boddie's acknowledgment during the plea qualification hearing "that he was satisfied that the State could prove, beyond a reasonable doubt, that he was guilty of the crime of transfer of cocaine." Id.
¶ 38. As to the pertinent facts, our case is not only on all fours with Boddie, it is arguably stronger because of one point: here Aucoin acknowledged at the plea hearing that his attorneys had gone over with him all of the discovery materials tendered by the district attorney and that his attorneys had answered all of his questions. He further acknowledged that he was satisfied with his attorneys' performance. No such acknowledgments exist in Boddie. In fact, one of the allegations in Boddie was "that he should not have been allowed to plead guilty." Id. at 182(¶ 5). I fail to discern how the admission by Boddie to the police that he was guilty of the crime charged in the indictment carries or *153 should carry greater weight in the factual-basis analysis than Aucoin's admission in court that he was guilty of the crimes charged in the indictment. In fact, it seems to me that Aucoin's admission should carry greater weight because an admission before, and to, a judge is not likely to be influenced by any degree of intimidation that may occur when a defendant is being interrogated by an armed policeman investigating a crime. In any event, I am satisfied that Aucoin's acknowledgment at the plea hearing that he and his attorneys had gone over the discovery materials provided by the district attorney provides as much undergirding for the existence of a factual basis as did Boddie's statement to the police. As already noted, Aucoin does not allege here, and did not allege in the circuit court, that no factual basis exists for his guilty pleas. Rather, he simply alleges that one was not presented to the trial court, either by him or by the State at the plea hearing. However, in Boddie, Boddie alleged that no factual basis existed because the trial court had ruled that the evidence upon which the State was relying was insufficient as a matter of law.
¶ 39. I would find on the bases of Boddie, and on the additional facts that are attendant here, that a factual basis exists for Aucoin's guilty pleas. I would affirm the judgment of the circuit court denying post-conviction relief in Cause No. 04-232. However, I would affirm the conviction in Cause No.05-166 and remand for proper sentencing, as I find that the general sentence for three separate felonies is not permitted by our law.
LEE, AND MYERS, P.JJ., AND BARNES, J., JOIN THIS SEPARATE OPINION.
NOTES
[1] Cause No. 2007-CA-02004-COA is the appeal of the denial of post-conviction relief emanating from the conviction and sentence in Cause No. 04-232, and Cause No. 2007-CA-02295-COA is the appeal of the denial of post-conviction relief emanating from the convictions and sentence in Cause No. 05-166.
[2] He was sentenced to four years for his conviction in this cause number. The sentencing order recites that Aucoin pleaded guilty on a former day of the regular term of the court and addresses only Aucoin's sentence, not his conviction.
[3] In this cause, Aucoin was sentenced to thirty years with twenty-four years to be served on post-release supervision. He was also sentenced to pay a fine and ordered to make certain restitution. As is the case with the sentencing order in Cause No. 04-232, the sentencing order recites that Aucoin pleaded guilty on a former day of the regular term of the court and addresses only Aucoin's sentence, not his conviction.
[4] Prior to the guilty plea hearing, Boddie made a statement that he did in fact transfer the cocaine.