IRVING, J.,
Specially Concurring.
¶ 56. I agree that the judgment of the circuit court should be affirmed. I write separately, however, to point out that, in my opinion, this Court is being inconsistent in applying the law in post-conviction collateral relief cases where there is a challenge to the factual basis undergirding the plea, thereby giving the impression that the Court is result oriented. Our recent opinion in Aucoin v. State, 17 So.3d 142 (Miss.Ct.App.2009) aptly illustrates my point. There, we reversed the judgment of the Circuit Court of Lincoln County which denied Corey Aucoin’s post-conviction relief motion that sought to overturn his guilty plea because of the absence of a factual basis. Id. at (¶¶ 6, 17). In doing so, we specifically found that “no factual basis existed for any of Aucoin’s guilty pleas.” Id. at (¶ 17). Consequently, we set aside Aucoin’s guilty pleas and remanded the case to the active trial docket of the Lincoln County Circuit Court. Id.
¶ 57. In my opinion, the facts in Aucoin argue at least as forcibly as do the facts here, if not more so, for the existence of a factual basis. Yet, six members of this Court found in Aucoin that a factual basis was lacking. I am unable to discern why the facts here are pregnant while the facts in Aucoin are barren. In any event, it is my view, as it was in Aucoin, that there is no basis for setting aside the judgment of the circuit court denying post-conviction relief, as I believe here, as I did there, that there are sufficient facts to establish the existence of a factual basis. For the reasons stated, I specially concur with the majority opinion.