ROBERTS, J.,
Dissenting.
¶ 58. This case is another post-conviction relief proceeding in which this Court must determine whether an adequate factual basis exists in the record of the plea hearing to support the circuit court’s acceptance of the defendant’s felony guilty pleas. After a thorough and meticulous review of the entire record before the circuit court judge when he accepted Richard Simoneaux’s six guilty pleas, I cannot conclude that there was a sufficient factual basis to conclude that Simoneaux’s conduct fell “within the ambit of that defined as criminal.” Because the majority declines *41 to recognize this innate deficiency and affirms the summary denial of Simoneaux’s motion for post-conviction relief, I respectfully dissent.
¶ 59. “Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea.” URCCC 8.04(A)(3). A defendant may establish a factual basis for his guilty plea by pleading guilty; however, “the admission must contain factual statements constituting a crime or be accompanied by independent evidence of guilt.” Hannah v. State, 943 So.2d 20, 26-27(¶ 16) (Miss.2006). In other words, “a factual basis is not established by the mere fact that a defendant enters a plea of guilty.” Id. at 27. Rather, the record must contain those facts which are “sufficiently specific to allow the court to determine that the defendant’s conduct was within the ambit of that defined as criminal.” Lott v. State, 597 So.2d 627, 628 (Miss.1992) (quoting United States v. Oberski, 734 F.2d 1030, 1031 (5th Cir.1984)). Finally, this Court is not limited to a review of a defendant’s plea transcript when determining if a factual basis existed for his guilty plea, but we may review the record as a whole for evidence of such. Boddie v. State, 875 So.2d 180, 183(¶ 8) (Miss.2004).
¶ 60. Similar to Rule 8.04, Rule 11 of the Federal Rules of Criminal Procedure requires a district court judge, “[bjefore entering judgment on a guilty plea, ... [to] determine that there is a factual basis for the plea.” Fed.R.Crim.P. 11(b)(3). This requirement is designed “to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.” McCarthy v. United States, 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The same reasoning applies to our Rule 8.04(A)(3).
¶ 61. The majority finds a factual basis sufficient to support Simoneaux’s six guilty pleas. The majority bases its finding on the totality of the following circumstances: (1) during the guilty plea hearing, Simo-neaux assured the circuit court judge that he and his attorney reviewed the two three-count indictments; (2) the indictments were “factually specific”; (3) during the guilty plea hearing, Simoneaux assured the circuit court judge that he had reviewed the discovery with his attorney; (4) Simoneaux’s “steadfast” declarations of guilt to “specifically addressed” crimes during the hearing; and (5) Simoneaux’s exchange with the circuit court judge regarding “sex-related problems, tendencies, and need for help.”
¶ 62. It is true that Simoneaux responded affirmatively when the circuit court judge asked him whether he had reviewed the two three-count indictments with his attorney. Be that as it may, Simoneaux’s affirmative response to that question does not fulfill the requirement that the record contain facts which are “sufficiently specific to allow the court to determine that the defendant’s conduct was within the ambit of that defined as criminal.” Lott, 597 So.2d at 628. The circuit court judge did not ask Simoneaux any questions about the underlying facts of any of the six charges. Simoneaux never testified that he actually did anything in particular.
¶ 63. Additionally, the following matters illustrate the factual deficiencies that exist in the record which cause me to conclude that there was not an adequate factual basis in the record to justify accepting Simoneaux’s guilty pleas. Simo-neaux never admitted that he committed any crimes in Pike County, Mississippi, or anywhere else in the Fourteenth Circuit Court District. Simoneaux was charged *42 with attempted burglary. Mississippi Code Annotated section 97-1-7 (Rev.2006) sets forth, in part, that a defendant may be convicted for attempting to commit an offense if that person commits “any overt act toward the commission” of the incomplete offense. There was no evidence that Si-moneaux committed an “overt act” constituting an attempt to commit a burglary. There is nothing in the record that sheds light on what that overt act might have been. Did Simoneaux simply attempt to open a locked door? Did he attempt to pick a lock? Did he attempt to pry open the door? The record contains no answers to these questions.
¶ 64. Simoneaux was charged with two counts of criminal voyeurism. The record contains no specific evidence that Simo-neaux “peeped” into a window. Likewise, the record contains no specific facts to conclude that Simoneaux peeped into a window “for the lewd, licentious[,] and indecent purpose of spying upon the occupants thereof.” See Miss.Code Ann. § 97-29-61 (Rev.2006).
¶ 65. In the second indictment, Simo-neaux was charged with sexual battery. The record contains no evidence that there was sexual penetration, which is an element of sexual battery pursuant to Mississippi Code Annotated section 97-3-95(1) (Rev.2006). Simoneaux was also charged with abuse of a vulnerable adult in violation of Mississippi Code Annotated section 43-47-19(3) (Rev.2004); the indictment charged that Simoneaux inflicted “physical pain upon [F.S.], ... a vulnerable adult, by pulling her legs apart and inserting his penis into [her] vagina.” There was no evidence that F.S. was a “vulnerable adult.” One may speculate that F.S. was a resident of a nursing home and, therefore, a vulnerable adult pursuant to Mississippi Code Annotated section 43-47-5(n) (Supp.2008), but no evidence of her status was presented by anyone. A subsequent charge in the indictment alleges that F.S. was a resident of the nursing home, but the indictment was not read during the guilty plea hearing, and there was no other evidence that F.S. was actually a resident of the nursing home. Finally, Simoneaux was charged with burglary, but there was no evidence to support a factual basis for breaking and entering, much less any evidence that Simoneaux had the intent to commit a crime once he made his way inside.
¶ 66. As for the majority’s reliance on the indictments as being “factually specific,” the two indictments were not read during Simoneaux’s guilty plea hearing. In Drake v. State, 823 So.2d 593, 594(¶ 3) (Miss.Ct.App.2002), this Court found that there was a sufficient factual basis to support a guilty plea because the circuit court judge “questioned Drake extensively about the crimes with which he was charged” and “had the indictment read to Drake and Drake responded that he wanted to plead guilty to all three counts as they were read to him.” Here, the circuit court judge did not question Simoneaux extensively about the crimes he was alleged to have committed. Likewise, the circuit court judge did not have the indictments read to Simo-neaux. As Drake emphasized, those events took place “[d]uring [Drake’s] plea colloquy.” Id.
¶ 67. It appears that the majority finds a sufficient factual basis for a guilty plea simply because a defendant had previously received a copy of an indictment. Rule 8.01 of the Uniform Rules of Circuit and County Court requires that “[p]rior to arraignment a copy of the indictment must be served on the defendant.” Surely simple receipt of an indictment is not sufficient to establish a factual basis for a guilty plea. If that were true, then a factual basis for a subsequent plea would *43 be established prior to arraignment. Furthermore, an indictment must be read to a defendant during an arraignment. URCCC 8.01. If receipt of an indictment, “factually specific” or otherwise, establishes a factual basis for a plea, then by extension there could be a factual basis for a guilty plea when a defendant pleads “not guilty” during an arraignment and later opts to plead guilty. The same reasoning applies where, as with the second indictment against Simoneaux, a defendant tuaives arraignment and pleads not guilty. I cannot concur with the majority’s reasoning that receipt of a copy of an indictment, “factually specific” or otherwise, is sufficient to establish a factual basis for six guilty pleas where those indictments are not read to the defendant during the guilty plea colloquy. As stated in Drake:
The purpose of the factual[-]basis rule is to “push the court to delve beyond the admission of guilty [sic] lying on the surface and determine for itself whether there is substantial evidence that the petitioner did in fact commit those crimes he is charged with and is not entering the plea for some other reason that the law finds objectionable.”
Id. at (¶ 5) (quoting Gaskin v. State, 618 So.2d 103, 106 (Miss.1993)). With complete respect for the majority, the circuit court simply did not fulfill that obligation.
¶ 68. Regarding the majority’s reliance on Simoneaux’s affirmative response to being asked whether he reviewed the discovery with his attorney, neither the guilty plea colloquy nor the record contains any specific indication that there was any discovery in this case. While the circuit court judge asked Simoneaux a generic question intended to determine whether Simoneaux reviewed the discovery with his attorney, there is no particular indication that there was any discovery, much less what that discovery might have been. The majority references that Simoneaux’s record excerpts contain a document titled as a “Physical Evidence Inventory” which itemizes things that were purportedly recovered from Simoneaux’s residence, including a reference to a taped confession. Although the majority does not suggest that those articles or the generic reference to a taped confession provide a factual basis for Simoneaux’s six guilty pleas, it bears mentioning that none of those articles provide any factual basis for Simo-neaux’s guilty pleas. The record contains no confession, taped or otherwise, and there is no indication that the circuit court ever reviewed an alleged confession. Additionally, the majority refers to Simo-neaux’s affirmative response to the circuit court’s question whether Simoneaux reviewed case reports and police reports with his attorney. Again, the majority does not claim that Simoneaux’s affirmative response somehow creates a factual basis for his guilty pleas; however, to the extent that the majority implies as much, it is noteworthy that the record contains no specific factual reference, at the guilty plea hearing or otherwise, to any police reports or case reports, much less anything that can be remotely construed as a factual basis for Simoneaux’s guilty pleas. The first time this “Physical Evidence Inventory” sheet appears in the record is as an exhibit to Simoneaux’s motion for post-conviction relief. No evidence exists whatsoever that it was presented to or considered by the. circuit court judge at or before the time he accepted Simoneaux’s guilty pleas.
¶ 69. The next basis cited by the majority for its conclusion that there was a factual basis for Simoneaux’s six guilty pleas is Simoneaux’s “unwavering declaration of guilt to each of the specific crimes during his plea proceeding.” For brevity’s sake, I will not revisit the factual deficiencies in each count. Suffice it to say, the *44 matters discussed above illustrate that the crimes were not specifically addressed in the record. Respectfully, I am unable to discern any point at which the circuit court addressed any specific crime during the guilty plea hearing, and the majority does not refer to any particular point in the record to support its finding that Simo-neaux admitted guilt to any particular crime.
¶ 70. The transcript of the six guilty pleas presently at issue encompasses eleven pages of the record. During those guilty pleas, no one recited the facts and circumstances under which Simoneaux committed any of the six crimes. The only references that even remotely touch on a factual basis whatsoever for Simoneaux’s guilty pleas during the hearing occurred when the circuit court judge asked Simo-neaux whether his attorney had explained the elements of the crimes to which he was pleading guilty, whether he was pleading guilty because he was guilty and for no other reason, and whether he was satisfied that the prosecution could prove beyond a reasonable doubt that Simoneaux was guilty — presumably of all six charges. Si-moneaux responded affirmatively to all three questions. However, those questions, and the responses to those questions, could only be described as generalized and non-specific. The circuit court judge never asked Simoneaux to elaborate on the factual details of any of the six offenses alleged in the two indictments.
¶ 71. There are many ways to establish a sufficient factual basis for a guilty plea. A factual basis for a guilty plea has been found when third parties discuss the evidence against a defendant. For example, there may be a sufficient factual basis to support a defendant’s guilty plea when both a defendant and an investigator for the prosecution testify to factual matters during a guilty plea hearing. Brown v. State, 533 So.2d 1118, 1124 (Miss.1988). Similarly, a prosecutor’s “concise statement of facts to establish the crime, the investigation, and the apprehension of’ a defendant during a guilty plea has been found to aid in establishing a sufficient factual basis to support a guilty plea. Reynolds v. State, 521 So.2d 914, 917 (Miss.1988). A defense attorney’s “lengthy recitation of the evidence against” a defendant during a guilty plea may establish a sufficient factual basis to support a guilty plea. Jones v. State, 970 So.2d 1316, 1322(¶ 20) (Miss.Ct.App.2007). Nothing similar occurred during Simo-neaux’s guilty plea hearing. Neither the prosecution nor anyone else ever summarized or explained the evidence that would be presented if Simoneaux opted to proceed to trial.
¶ 72. There are still other ways to establish a sufficient factual basis to support a defendant’s guilty plea. Factual proceedings already before a circuit court may establish a factual basis to support a defendant’s guilty plea. For example, in Corley v. State, 585 So.2d 765, 767 (Miss.1991), the supreme court found that there was a sufficient factual basis for a guilty plea where the circuit court conducted a preliminary hearing during which the prosecution offered substantial proof of a defendant’s guilt. There appears to have been a preliminary hearing in this case, but there is no indication that, during that hearing, there was a substantial offer of proof of Simoneaux’s guilt to any of the six charges. To the contrary, according to Simoneaux’s motion for post-conviction relief, Simoneaux and his mother were present during a preliminary hearing at which the alleged victim of sexual battery testified under oath that she “recalled a man coming into her room and attempting to rape her” and that she could not identify her attacker. While I do not weigh the truthfulness of Simoneaux’s statement, it *45 bears mentioning to the extent that there is certainly no basis to conclude that, based on statements or events at a preliminary hearing, there is a factual basis for Simoneaux’s six guilty pleas.
¶ 73. Finally, I fail to understand how the majority can conclude that Simo-neaux’s statements about past problems and his mother’s request that he be incarcerated in a facility for sex offenders somehow cures the defective lack of essential facts. While one might presume that Simoneaux’s long-time problems are indirectly related to the charges Simoneaux faced, there is no direct relation between Simoneaux’s long-time problems and the conduct alleged in the indictments. At best, it requires conjecture and speculation to link the conduct alleged in the two three-count indictments against Simoneaux and his broad statements about past problems. Suffice it to say, Simoneaux’s generalized reference to “problems” and his generic reference to having had those problems “for a long time” fail to qualify as facts which are “sufficiently specific to allow the court to determine that the defendant’s conduct was within the ambit of that defined as criminal.” Lott, 597 So.2d at 628. If generic references to requests for help or problems in one’s past creates a sufficient factual basis for a guilty plea, then the factual basis requirement is, by extension, effectively eliminated when a defendant reaches out to our courts, has prior convictions, or even has problematic criminal thoughts that have not been acted upon.
¶ 74. The majority also reasons that there was a factual basis for Simoneaux’s six guilty pleas because Simoneaux responded affirmatively when the circuit court asked him whether he was satisfied that the prosecution could prove his guilt and the circuit court was satisfied that the prosecution could prove Simoneaux’s guilt. There was no indication that Simoneaux entered a best-interest guilty plea pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and as previously mentioned, the prosecution did not discuss what evidence the State would present or how it planned to prove Simoneaux’s guilt on all six charges if Simoneaux maintained his not guilty pleas and exercised his right to a trial.
¶ 75. Recently, this Court has found insufficient factual bases for guilty pleas under similar circumstances. In Carreiro v. State, 5 So.3d 1170, 1172(¶ 7) (Miss.Ct.App.2009), this Court found that there was insufficient factual basis for a guilty plea where the record did not include a recitation of the facts and circumstances under which the defendant allegedly committed any crimes, and the only references that even touched on a factual basis whatsoever for the pleas during the colloquy was the circuit court’s inquiry and subsequent affirmative responses regarding whether the defendant’s attorney explained the elements of the crimes to which he was pleading guilty to and whether the defendant believed the State could prove his guilt beyond a reasonable doubt. This Court reached a similar conclusion in Aucoin v. State, 17 So.3d 142 (¶ 12) (Miss.Ct.App.2009). The guilty plea hearings in both Carreiro and Aucoin were preceded by execution of the same “know your rights” form and were conducted by the same circuit court judge, who also conducted Simoneaux’s guilty plea hearing. The majority neither distinguishes Simoneaux’s case from Carreiro, nor specifies why we should not apply stare decisis to this case. At one point, the majority states that this Court is “not considering a bare-bones drug indictment as we did in Aucoin.” To the extent that the majority’s statement can be taken as an attempt to distinguish Aucoin, I respectfully disagree and find Aucoin indistinguishable. In Aucoin, just *46 as in the case presently before us, the circuit court never asked Simoneaux to elaborate on the factual details of any of the offenses alleged in the two indictments. Aucoin, 2007-CA-02004-COA (¶ 12).
¶ 76. The requirement of a factual basis for a defendant’s guilty plea is not a mere formality of the plea process, but it is required as part of a “constitutionally valid and enforceable decision to plead guilty.” Carter v. State, 775 So.2d 91, 98(¶ 28) (Miss.1999) (quoting Lott, 597 So.2d at 628). A circuit court is required to ensure that a factual basis for a defendant’s guilty plea exists in the record. A defendant waives his constitutional right to remain silent when he pleads guilty. It is not an unreasonable burden for a circuit judge, as a preliminary matter to accepting a guilty plea, to require that a defendant detail exactly what he or she did that constitutes the crime to which the defendant is pleading guilty. Should a defendant fail or refuse to admit sufficient facts for the circuit coui’t to conclude that the defendant committed the crime for which he or she is accused, the circuit court must either refuse to accept the guilty plea or fully satisfy the requirements of an Alford best-interest plea. Therefore, assuming Simo-neaux did, in fact, commit the offenses referenced in the two three-count indictments, I find that behavior despicable, horrendous, and morally reprehensible in every sense. Even so, in my opinion, the facts preserved in the record presently before this Court simply do not establish, by any standard, that Simoneaux committed any of the felonies charged in the indictments.
¶ 77. In this case, there were no facts elicited during a preliminary hearing, no petitions to plead guilty, no reading of the indictments during the plea hearing, no introduction or reference to incriminating statements, no recitation of the evidence expected to be presented if Simoneaux did not plead guilty, no specific factual details presented by Simoneaux, and no questioning by the circuit court as to those facts. The Mississippi Supreme Court has held that the rule requiring a factual basis for a guilty plea is to be taken “seriously.” Cor-ley, 585 So.2d at 766. All things considered, I cannot find that a factual basis existed for any of his guilty pleas. I would reverse the circuit court’s decision to deny Simoneaux’s petition for post-conviction relief, set aside his guilty pleas, and remand these charges to the active trial docket of the Pike County Circuit Court. Simo-neaux should be returned to the status he occupied immediately before he pled guilty, i.e., that of an indicted and accused defendant. Accordingly, I respectfully dissent.
KING, C.J., GRIFFIS AND BARNES, JJ., JOIN THIS OPINION. CARLTON, J., JOINS THIS OPINION IN RESULT ONLY.