UNITED STATES of America,
Plaintiff-Appellee,

v.

Michael Nelson OBERSKI,
Defendant-Appellant.

No. 83–1486.

United States Court of Appeals,
Fifth Circuit.

June 8, 1984.

Rehearing Denied July 6, 1984.

Benjamin F. Walker (Court-appointed), San Antonio, Tex., for defendant-appellant.

Edward C. Prado, U.S. Atty., Sidney Powell, James W. Blagg, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, GEE and RUBIN, Circuit Judges.

GEE, Circuit Judge:

Oberski and eighteen others were charged with violations of the federal narcotics laws in a multi-count indictment. Oberski was named in 39 counts. Pursuant to a plea agreement, Oberski entered a plea of guilty to count two (continuing criminal enterprise in violation of 21 U.S.C. § 848), count fifteen (manufacturing methamphetamine in violation of 21 U.S.C. § 841(a)(1)), and count forty-two (distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1)). He was sentenced to a total of ten years imprisonment followed by a thirty-year special parole term.

## I.

### FACTUAL BASIS FOR GUILTY PLEA

Oberski maintains that there was an insufficient factual basis for his plea of guilty to the continuing criminal enterprise charge because the government did not establish that he was a manager or supervisor of at least five people.

A court cannot enter judgment on a plea of guilty unless it is satisfied that there is a factual basis for the plea. Fed. R.Crim.P. 11(f); *United States v. Davila*, 698 F.2d 715, 717 (5th Cir.1983). The purpose underlying this rule is to protect a defendant who may plead with an understanding of the nature of the charge, but "without realizing that his conduct does not actually fall within the definition of the crime charged." *United States v. Johnson*, 546 F.2d 1225, 1226–27 (5th Cir.1977). This factual basis must appear in the record, *id.* at 1226, and must be sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal. *Davila*, 698 F.2d at 717. An acceptance by the district court of a guilty plea is a factual finding reviewable under the clearly erroneous standard. *Id.*

To establish a violation under the continuing criminal enterprise statute, 21 U.S.C. § 848, the government must demonstrate that (1) the defendant engaged in a continuing series of violations of the Drug Control Act in concert with five or more persons; (2) the defendant occupied a position of organizer, a supervisory position, or any other position of management with respect to the others involved; and (3) defendant obtained substantial income or resources from his conduct. *United States v. Michel*, 588 F.2d 986, 1000 (5th Cir.), *cert. denied*, 444 U.S. 325, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979).

Oberski argues that he was only the "chemist" or "cook" and that this does not constitute a management or supervi-

sory position as required by § 848. The terms "organize," "supervise," and "manage" are not technical terms and are interpreted according to their ordinary meanings. *United States v. Mannino*, 635 F.2d 110, 117 (2d Cir.1980). It is true that cases involving "well-defined chains of command under the control of a King Pin" [1] provide us with the clearest examples of organization, supervision, or management, but the necessary showing can certainly be made in cases of less structured enterprises.[2] *Id.* A defendant need not be the *dominant* organizer or manager as long as he is in some managerial position. *United States v. Losada*, 674 F.2d 167, 174 (2d Cir.), *cert. denied*, 457 U.S. 1125, 102 S.Ct. 2945, 73 L.Ed.2d 1341 (1982).

■ Here, Oberski admitted to manufacturing most of the methamphetamine produced. While he claimed he was not "in charge" of the operation, he admitted to being "the main chemist" among several engaged in the enterprise, "the most experienced chemist," and "the overall cook, chemist in the organization." We conclude that the trial judge was not clearly erroneous in inferring from these admissions that Oberski managed and organized the methamphetamine manufacturing process.[3] Finally, we note that Oberski specifically admitted during the rearraignment hearing that he occupied a "management or leadership position" in the venture; because we define the terms "manager," "organizer" and "supervisor" according to their ordinary meanings, this admission provides more evidence of a factual basis for Oberski's guilty plea. *See Mannino*, 635 F.2d at 117.

## II.

### CUMULATIVE SENTENCES

For his conviction on count two, Oberski was sentenced to serve ten years and to forfeit the profits derived from the criminal enterprises. On count fifteen, he was sentenced to four years in prison with a special parole term of fifteen years, this sentence to run concurrently to that received for count two. On count forty-two, he was sentenced to four years with a fifteen-year special parole term, this sentence to run consecutively with that received for count fifteen. Oberski argues that the convictions and sentences imposed on counts fifteen and forty-two should be vacated because offenses under 21 U.S.C. § 841(a)(1) are lesser included offenses of a continuing criminal enterprise.

■ We have held that the substantive offenses underlying a § 848 violation are lesser included offenses of conducting a continuing criminal enterprise that cannot support a separate conviction or sentence. *United States v. Chagra*, 669 F.2d 241, 261–62 (5th Cir.), *cert. denied*, 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 92 (1982). The proper remedy for convictions on both greater and lesser offenses is to vacate both the conviction of and the sentence for the lesser included offense. *United States v. Michel*, 588 F.2d 986, 1001 (5th Cir.), *cert. denied*, 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979); *United States v. Johnson*, 575 F.2d 1347, 1354 (5th Cir.1978), *cert. denied*, 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979). *Accord, United States*

---

**1.** *United States v. Samuelson*, 697 F.2d 255, 259 (8th Cir.1983); *United States v. Bolts*, 558 F.2d 316, 320 (5th Cir.), *cert. denied sub nom. Hicks v. United States*, 434 U.S. 930, 98 S.Ct. 417, 54 L.Ed.2d 290 (1977); *United States v. Sperling*, 506 F.2d 1323, 1344 (2d Cir.1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975); *United States v. Sisca*, 503 F.2d 1337, 1345 (2d Cir.), *cert. denied*, 419 U.S. 1008, 95 S.Ct. 328, 42 L.Ed.2d 283 (1974).

**2.** *United States v. Losada*, 674 F.2d 167, 174 (2d Cir.), *cert. denied*, 457 U.S. 1125, 102 S.Ct. 2945, 73 L.Ed.2d 1341 (1982) (defendant paid bail and

attorney's fees for other members of criminal enterprise); *Mannino*, 635 F.2d at 117 (middleman in drug sales enterprise).

**3.** Oberski consistently maintained that he never told any other chemists where to go or what to do. While this fact might preclude Oberski from being a "supervisor," it would not prevent his classification as a "manager" or "organizer" under the terms of the statute. We hold that, in establishing that a defendant was a manager or organizer, the government need not show that the defendant had actual control over employees of the enterprise.

*v. Graziano*, 710 F.2d 691, 699 (11th Cir. 1983) (U.S. appeal pending); *United States v. Smith*, 703 F.2d 627, 628 (D.C.Cir.1983).

■ On the other hand, the First Circuit has held that underlying substantive offenses *can* support a separate conviction and sentence when they are not actually relied on in establishing the continuing criminal enterprise. *United States v. Chagra*, 653 F.2d 26, 31–32 (1st Cir.1981), *cert. denied*, 455 U.S. 907, 102 S.Ct. 1252, 71 L.Ed.2d 445 (1982). *Accord, United States v. Samuelson*, 697 F.2d 255, 260 (8th Cir.1983). We believe that this rule is sound. First, Congress intended § 848 as a harsh statute "providing particularly severe punishments for multiple offenders." *Chagra*, 653 F.2d at 31. In addition, the deterrent effect of the statute would be weakened if the government could not prosecute underlying offenses not relied upon; the government might well hesitate to run the risk of bringing a § 848 prosecution and losing, if it would thereby immunize defendants not only as to the underlying offenses it actually tried to prove, "but also as to all related drug offenses committed during the 'enterprise' period charged." *Id.* at 32. We therefore choose to follow the First Circuit's *Chagra* rule.

■ Consequently, the two § 841(a)(1) convictions will stand if the district court did not rely on them in establishing the § 848 continuing criminal enterprise violation. The record shows that there were several other underlying offenses which the district court could have used in establishing the § 848 violation. Oberski established a factual basis for these offenses at his sentencing hearing: [4]

"THE COURT: You manufactured methamphetamine twice in April 1980, once in June 1980, once in July 1980, once in August 1980, once in September 1980, four additional occasions. Did you realize that at least five other people were involved in the acquisition of chemicals, lab sites, and, prior to the manufacture and subsequent to the manufacture, five or more people were involved in the distribution of the methamphetamine?

MR. OBERSKI: Yes, sir, I did."

These offenses independently support the § 848 conviction. Thus, the two § 841(a)(1) convictions need not have been relied upon, and can support a separate conviction and sentence.

■ We note that the trial judge did not specifically state that he was not relying on the § 841(a)(1) convictions to establish the § 848 conviction; however, we presume that he did so. To have relied on the § 841(a)(1) convictions would have been directly contrary to our opinions in *Chagra* and *Michel*; we presume that the trial judge followed the binding precedent of this circuit. Moreover, where a trial judge does not specifically explain the reasons for his decision, we may affirm the decision if there are obvious reasons justifying it. *Horton v. Goose Creek Independent School District*, 690 F.2d 470, 484 (5th Cir.1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 3536, 77 L.Ed.2d 1387 (1983); *Hams v. Edward Hyman Co.*, 664 F.2d 943, 945 (5th Cir.1982).[5]

---

4. The trial judge held a hearing on May 12, 1983, to accept Oberski's guilty pleas. The judge stated that he would listen to the evidence when he tried Oberski's codefendants to determine if there was a factual basis for the § 848 violation. He then preliminarily entered a guilty plea, stating, however, that he would let Oberski know whether he intended to accept the plea at his sentencing hearing. The sentencing hearing took place on June 20, 1983. At the hearing, the trial judge questioned Oberski about the factual basis of the § 848 violation, and then, finding the factual basis sufficient, sentenced him.

5. Two decisions of other circuits, seemingly contradictory to our own, are distinguishable.

In *United States v. Jefferson*, 714 F.2d 689 (7th Cir.1983), Jefferson was found guilty of one count of participating in a continuing criminal enterprise, and twenty-three counts of distributing various controlled substances. Sentences on four of the distribution counts ran consecutive to the § 848 sentence. The Seventh Circuit vacated the four consecutive sentences. *Jefferson* differs from our own case in two major respects. First, the government apparently never argued that the trier of fact did not rely on the four distribution counts in establishing the § 848 violation. Second, the *Jefferson* case was tried by a jury: the jury was specifically instructed to rely on *all* twenty-three substantive

Finding no merit in Oberski's contentions, we affirm his conviction on all three counts.

AFFIRMED.

counts in determining § 848 liability. *Id.* at 701 n. 25. Thus, it would not be fair to presume that the jury did not rely on the four consecutive counts in establishing the § 848 violation.

In *United States v. Middleton,* 673 F.2d 31 (1st Cir.1982), Middleton was indicted in the Southern District of Florida for engaging in a continuing criminal enterprise. A few months later, he was indicated in the District of Maine for conspiracy to possess and possession of marihuana. In the Florida trial, the government introduced evidence of the seizure of marihuana in Maine to prove the predicate offense for the § 848 count. At the close of the government's case, the Florida judge acquitted Middleton on the § 848 count. The Maine judge then dismissed the conspiracy and possession counts, holding that it would be double jeopardy to try Middleton on those counts. The First Circuit affirmed, declining to accept the government's argument that neither offense necessarily served as the predicate offense for the § 848 count. Again, this case is different from our own. The government asked the First Circuit to construe the Florida judge's acquittal in a particular way, without any evidence of what the judge intended to do. Here, we *know* that the trial judge wanted to convict Oberski of engaging in a continuing criminal enterprise and of two counts of manufacturing and distributing methamphetamine. We merely construe his decision to effectuate that intent.