# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 95-21090
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH W. BOULDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(CR-H-94-137-9)

_____

December 5, 1996

Before POLITZ, Chief Judge, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Kenneth Boulds appeals his conviction for conspiracy to possess with intent

to distribute 50 grams or more of cocaine, and challenges the use of a prior state

conviction in his criminal history calculations and the district court's failure to

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

make specific findings of disputed fact issues at sentencing.  Finding no error, we affirm.

Background

On August 15, 1994 Boulds and 11 other defendants were charged with conspiracy to possess with intent to distribute 50 grams or more of cocaine.  The indictment charged that Boulds acted in concert with several others to acquire crack cocaine for transportation and distribution in Waller County, Texas, charging that they obtained the transportation used and were present for negotiations and delivery of the contraband.

Prior to the court's acceptance of the guilty plea Boulds tendered in conjunction with a plea agreement, the prosecutor informed the court that the evidence the government planned to introduce would fully support the charges in the indictment.  Specifically, the prosecutor stated that Boulds acted in concert with the two principal offenders and that "the evidence would establish that . . . Mr. Kenneth Boulds facilitated by on occasion acquiring crack cocaine for re-distribution, as well as assisting in the transportation and return of crack cocaine to the Hempstead, Waller County, Texas area."  When interrogated, Boulds informed the court that the facts as recited by the prosecutor were true and that he intended to commit the acts as described.

At sentencing the district court considered Boulds' objections to the PSR, although the objections were not filed timely and were not accompanied by affidavits or other evidence contradicting the PSR. All objections were rejected and the PSR was adopted as written. Boulds was sentenced to prison for 188 months, together with five years of supervised release and a $5000 fine. Boulds timely appealed.

Analysis

Boulds challenges the sufficiency of the evidence to support his guilty plea. A court may not enter judgment on a guilty plea unless it is satisfied that there is a factual basis for the plea.[1] The factual basis must appear in the record and must support each essential element of the crime.[2] We review a finding that an adequate factual basis exists for accepting a guilty plea under the clearly erroneous standard.[3] The factual predicate given the district court, which Boulds confirmed as true, provides a sufficient factual basis for acceptance of Boulds' guilty plea.

Boulds next contends that the district court erred by including a state

---

[1]Fed.R.Crim.P. 11(f); **United States v. Oberski**, 734 F.2d 1030 (5th Cir. 1984).

[2]**United States v. Adams**, 961 F.2d 505 (5th Cir. 1992); **United States v. Montoya-Comacho**, 644 F.2d 480 (5th Cir. 1981).

[3]**Adams; Oberski**.

3

conviction for possession of a controlled substance in his criminal history calculations under section 4A1.1 of the Sentencing Guidelines. Boulds insists that the prior state offense was part of the offense of conviction. The record does not support this claim. Boulds was arrested on January 23, 1990 for the subject state offense. The criminal conduct charged in the instant indictment commenced on February 12, 1990. The two offenses are separate and discrete and there was no error in Boulds' criminal history calculation.[4]

Finally, Boulds maintains that the district court failed to make specific findings on disputed issues of fact in the PSR. Boulds offered no evidence to rebut the contents of the PSR and the district court acted entirely within its discretion in adopting the facts as detailed in the PSR.[5]

The conviction and sentence are AFFIRMED.

---

[4]**United States v. Thomas**, 973 F.2d 1152 (5th Cir. 1992).

[5]See **United States v. Brown**, 29 F.3d 953 (5th Cir.), cert. denied, 115 S.Ct. 587 (1994); **United States v. Rodriguez**, 897 F.2d 1324 (5th Cir.), cert. denied, 498 U.S. 857 (1990).