# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2008

Charles R. Fulbruge III
Clerk

No. 08-30309
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL ARY, JR

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CR-50106-2

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Daniel Ary, Jr., appeals his conviction, pursuant to a guilty plea, of possession of a firearm in relation to a drug-trafficking activity, in violation of 18 U.S.C. § 924(c)(1), contending there was no factual basis for his plea. As Ary raises this issue for the first time on appeal, our review is for plain error only. See United States v. Castro-Trevino, 464 F.3d 536, 541 (5th Cir. 2006). (He does

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not appeal his guilty-plea conviction of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).)

The district court cannot enter judgment on a plea of guilty unless it is satisfied there is a factual basis for the plea. Id. at 540; see FED. R. CRIM. P. 11(b)(3). "The factual basis for the guilty plea 'must appear in the record . . . and must be sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal.'" Castro-Trevino, 464 F.3d at 540 (quoting United States v. Oberski, 734 F.2d 1030, 1031 (5th Cir. 1984)).

A defendant possesses a firearm "'in furtherance' of the drug-trafficking offense when it furthers, advances, or helps forward that offense". United States v. Ceballos-Torres, 218 F.3d 409, 411 (5th Cir.), amended by 226 F.3d 651 (2000); § 924(c)(1)(A). Some of the factors this court considers in determining whether a possession is "in furtherance" of a drug-trafficking offense include: "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found". Ceballos-Torres, 218 F.3d at 414-15.

The firearm in question, a handgun, was found immediately adjacent to drugs in Ary's residence, the drugs were packaged for sale, and there was a large amount of cash in the residence. Moreover, Ary conceded at his rearraignment that the firearm was used in furtherance of drug trafficking. The record also indicates Ary possessed the firearm illegally because, when the search warrant was executed, he had a prior conviction for a felony drug-trafficking crime. Accordingly, Ary has not shown the district court committed plain ("clear" or "obvious") error in accepting his guilty plea to violating § 924(c). See Ceballos-Torres, 218 F.3d at 415.

AFFIRMED.