5 So.3d 1170 (2009)
Brian Keith CARREIRO, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CA-02280-COA.
Court of Appeals of Mississippi.
March 31, 2009.
Derek L. Hall, Jackson, attorney for appellant.
Office of the Attorney General by Stephanie Breland Wood, attorney for appellee.
Before KING, C.J., IRVING and ROBERTS, JJ.
*1171 ROBERTS, J., for the Court.
¶ 1. On September 17, 2004, Brian Keith Carreiro pled guilty in the Circuit Court of Lincoln County to one count of exploitation of a child and one count of touching a child. Carreiro filed a motion for post-conviction relief seeking to have his guilty pleas vacated. Following an evidentiary hearing on the issues raised by Carreiro, the trial court denied his motion. Aggrieved, Carreiro now appeals. On appeal, Carreiro echos those issues raised before the trial court. Specifically, Carreiro argues that: (1) he received ineffective assistance of counsel; (2) the trial court lacked subject matter jurisdiction; (3) his guilty pleas were not knowingly and voluntarily entered; (4) there was no factual basis for his guilty pleas; and (5) his sentences violate the United States and Mississippi Constitutions. Finding that the record of the guilty plea colloquy is devoid of any factual basis that would sustain Carreiro's guilty pleas, we reverse and the trial court's denial of post-conviction relief and remand the case for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
¶ 2. In 2004, Carreiro worked for Steve and Daphne Smith in a domestic capacity in exchange for room and board.[1] At the time of the incident, Steve was a prominent elected public official in the area. During the summer of 2004, Carreiro accompanied the Smith family on vacation in Gulf Shores, Alabama. While there, Daphne borrowed Carreiro's camera. Once the roll was full, Daphne had the film developed and discovered two photographs of her seven-year-old daughter, Sara. The pictures were of Sara's buttocks in a swimsuit, and the pictures appeared to be taken while she was sleeping. Daphne showed the pictures to Steve, and he immediately took Carreiro back to Mississippi. Carreiro was questioned by law enforcement and gave a statement in which he admitted to taking the photographs.
¶ 3. Carrerio was subsequently indicted on August 3, 2004, for exploitation of a child under Mississippi Code Annotated section 97-5-33(2) (Rev.2006) (count one) and for touching a child for lustful purposes under Mississippi Code Annotated section 97-5-23 (Rev.2006) (count two). On September 17, 2004, Carreiro pled guilty to the aforementioned offenses in the Circuit Court of Lincoln County. He was sentenced the same day to twenty years in the custody of the Mississippi Department of Corrections, with five years to serve and the remaining fifteen years to be served on post-release supervision on count one. On count two, he was sentenced to serve fifteen years in the custody of the MDOC, with five years to serve and the remaining ten years to be served on post-release supervision. The sentences in count one and count two were ordered to run consecutively to each other. Furthermore, the trial court ordered that upon release from incarceration Carreiro would be barred from entering Lincoln, Pike, and Walthall counties.
¶ 4. On May 23, 2006, Carreiro filed a motion for post-conviction relief in the Circuit Court of Lincoln County. The trial court granted Carreiro's request for an evidentiary hearing, but the court ultimately found his motion to be without merit. Following the denial of his motion, Carreiro appealed that judgment.

ANALYSIS
¶ 5. The standard of review this Court must employ upon a review of a trial *1172 court's denial of a motion filed pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated sections 99-39-1 to -29 (Rev.2007) is well settled and has been aptly stated by the supreme court as follows:
"When reviewing a lower court's decision to deny a petition for post [-] conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Lambert v. State, 941 So.2d 804, 807 [(¶ 14)] (Miss.2006) (quoting Brown v. State, 731 So.2d 595, 598 [(¶ 6)] (Miss.1999); see also Bank of Miss. v. S. Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).
Callins v. State, 975 So.2d 219, 222(¶ 8) (Miss.2008).
WHETHER THERE WAS A FACTUAL BASIS FOR CARREIRO'S GUILTY PLEAS.
¶ 6. Because we find resolution of Carreiro's fourth assignment of error to be dispositive, we choose not to address the remaining issues.
¶ 7. Carreiro's indictment charged him with violating sections 97-5-33(2) and 97-5-23. Specifically, count one stated, in pertinent part, that Carreiro:
on or about April 15, 2004[,] or June 3, 2004[,] or between said dates, in Lincoln County, Mississippi, and within the jurisdiction of this court, did willfully, unlawfully, and feloniously photograph on [sic] [Sara], a child under the age of eighteen years, engaging in sexually explicit conduct, to-wit: lascivious exhibition of the genital and/or pubic area of the said [Sara]. . . .
Additionally, count two alleged that:
on or about April 15, 2004[,] or June 3, 2004[,] or between said dates, in Lincoln County, Mississippi, and within the jurisdiction of this court, the said [Carreiro][,] a male person over the age of eighteen years, did willfully, unlawfully[,] and feloniously, for the purpose of gratifying his lust or indulging his depraved licentious sexual desires, touch the buttocks of one [Sara], a female child under the age of sixteen years, with his hand. . . .
At the conclusion of his plea hearing, Carreiro pled guilty to the charges against him. The transcript of Carreiro's guilty pleas and sentencing encompasses nine pages of the record, and it does not include a recitation of the facts and circumstances under which Carreiro committed the above crimes. The only references that even touch on a factual basis whatsoever for the pleas during the colloquy was the trial court's inquiry regarding whether Carreiro's attorney explained the elements of the crimes to which he was pleading guilty to and whether Carreiro believed the State could prove his guilt beyond a reasonable doubt. Carreiro responded affirmatively to both questions. Carreiro argues that the lack of an explicit factual basis for the crimes from the record invalidates his guilty pleas.
¶ 8. "Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea." URCCC 8.04(A)(3). A defendant can establish a factual basis for his plea of guilty simply by pleading guilty; however, his plea "must contain factual statements constituting a crime or be accompanied by independent evidence of guilt." Hannah v. State, 943 So.2d 20, 26-27(¶ 16) (Miss.2006). In other words, "a factual basis is not established by the mere fact that a defendant enters a plea of guilty." Id. Rather, the record must contain those facts which are *1173 "sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal." Lott v. State, 597 So.2d 627, 628 (Miss.1992) (quoting United States v. Oberski, 734 F.2d 1030, 1031 (5th Cir.1984)). Finally, this Court is not limited to review of a defendant's plea transcript when determining if a factual basis existed for his guilty plea, but we may review the record as a whole for evidence of such. Boddie v. State, 875 So.2d 180, 183(¶ 8) (Miss.2004).
¶ 9. Additionally, our federal counterparts echo the import of establishing a factual basis for a defendant's guilty plea as established by federal precedent and Rule 11 of the Federal Rules of Criminal Procedure. Similar to Rule 8.04, Rule 11 of the Federal Rules of Criminal Procedure requires a trial judge, "[b]efore entering judgment on a guilty plea, . . . [to] determine that there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(3). In line with Rule 11, the Fifth Circuit Court of Appeals stated that "`implicit in the district court's acceptance' of a guilty plea is its `determination that [the defendant's] conduct satisfied every legal element' of the charged crime." United States v. Marek, 238 F.3d 310, 315 (5th Cir.2001). In Kessee, the defendant was charged with conspiracy to distribute cocaine and eventually pled guilty; however, on appeal, Kessee argued that there was no factual basis for his plea because, although he admitted to selling cocaine at some unidentified time to some unidentified person, such a confession did not support his plea or the charge of conspiracy in his indictment. Id. at 339. The Fifth Circuit Court of Appeals vacated Kessee's guilty plea and reminded the district courts that they "should compare `(1) the conduct to which the defendant admits with (2) the elements of the offense charged in the indictment'" so as to vindicate the purpose of Rule 11. Id. at 340 (quoting Marek, 238 F.3d at 315). The same reasoning stands true for our Rule 8.04(A)(3). With this in mind we move to our analysis of Carreiro's plea.

A. Count One
¶ 10. As stated above, Carreiro pled guilty to violating sections 97-5-33(2) and 97-5-23. Section 97-5-33(2) states that "[n]o person shall, by any means including computer, photograph, film, video tape[,] or otherwise depict or record a child engaging in sexually explicit conduct or in the simulation of sexually explicit conduct." In the indictment charging Carreiro, the State alleged that the "sexually explicit conduct" in which Sara was engaging while Carreiro photographed her was a "lascivious exhibition of the genital and/or pubic area." Section 97-5-31 provides that such conduct is one definition of "sexually explicit conduct." Miss.Code Ann. § 97-5-31(a)(v) (Rev.2006). The question this Court must tackle is whether there is a factual basis in the record to support such a charge and, ultimately, Carreiro's guilty plea.
¶ 11. Sections 97-5-33(2) and 97-5-31(a)(v) criminalize the taking of a photograph of a child while that child is "engaging in `lascivious exhibition of the genital and/or pubic area.'" Engage is defined as "[t]o employ or involve one's self; to take part in; to embark on." Black's Law Dictionary 528 (6th ed.1990). Lascivious is defined as "[c]onduct which is wanton, lewd, and lustful." Id. at 882. Therefore, the above sections of the Mississippi Code Annotated make it illegal to photograph a child who is taking part in or who has involved himself or herself in the wanton, lewd, and lustful exhibition of the genital and/or pubic area. Such language implies, if not explicitly states, that the child must be actively and purposefully involved in lascivious conduct.
*1174 ¶ 12. In his statement in which Carreiro admitted to taking the photographs, he admitted to positioning a blanket that was covering Sara and taking pictures of her clothed buttocks while she slept. He also indicated that while he was doing this he was sexually aroused. The facts within such a confession, while despicable, do not fall within the ambit of that defined as criminal by section 97-5-33(2). The statement suggests that Sara was dressed in a bathing suit and asleep at the time Carreiro took the photographs. Our review of the photographs taken by Carreiro verify this characterization. As such, we find that it is an impossibility for such a set of facts to constitute a violation of 97-5-33(2) as Sara was not engaging in any conduct, lascivious or otherwise, other than sleeping.

B. Count Two
¶ 13. We reach the same result as to count two. Section 97-5-23 states, in part, that:
[a]ny person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch[,] or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent, . . . shall be guilty of a felony.
Miss.Code Ann. § 97-5-23(1). There is nothing in the record of the guilty plea hearing to indicate or suggest that he touched Sara so as to violate the statute above during the date range provided in the charging indictment. In fact, expanding our view to his statement, which was only admitted during the evidentiary hearing, Carreiro stated that he only positioned the covers so that he could see Sara's buttocks. Hence, he never touched Sara.
¶ 14. The State argues that the record does indeed contain evidence of Carreiro touching Sara for lustful purposes. At Carreiro's evidentiary hearing on his motion for post-conviction relief, it was revealed that during the course of the investigation, Sara was interviewed at a children's advocacy center. According to a police report in the record, while there she stated that Carreiro "once rubbed her chest while they were laying [sic] on the couch at her house." Additionally, during the evidentiary hearing on Carreiro's motion, Carreiro's trial counsel testified that Daphne, Sara's mother, was going to testify that she had seen Carreiro touch Sara's buttocks at some point. However, this information, even if accepted as complete truth, does not satisfy the elements of section 97-5-23 or the indictment as charged.
¶ 15. As for Daphne's expected testimony, the fact that she had seen Carreiro touch Sara's buttocks at some unidentified point in time does nothing to save the State's conviction under count two of Carreiro's indictment. The indictment alleged that Carreiro touched Sara's buttocks during an approximate month and a half period of time during the summer of 2004. Daphne's expected testimony, as preserved in the record, does not place Carreiro's alleged touching within this time period. Furthermore, it does not explain in what context the alleged touching occurred so as to satisfy the mens rea element of the crime.[2] There was no evidence that Carreiro's alleged touching was not innocently done or was for the purposes of "indulging his depraved, licentious sexual desires." Finally, Sara's allegation that Carreiro *1175 touched her chest suffers from the same defects as Daphne's expected testimony, but in addition, it does not track the charged language from count two. That is, the indictment charged Carreiro with an unlawful touching of Sara's buttocks, and Sara's claim was that he touched her chest.
¶ 16. A defendant waives his constitutional right to remain silent when he pleads guilty. It is not asking too much of a trial judge to require the defendant to inform the court of exactly what he, the defendant, did that constitutes the crime that the defendant is pleading guilty to before the court accepts the guilty plea and sentences the defendant to serve a term of imprisonment. Should a defendant fail or refuse to admit sufficient facts for the trial judge to conclude that the defendant committed the crime to which he was indicted of and desires to plead guilty to, the court must either refuse to accept the guilty plea or fully satisfy the requirements of an Alford best interest plea as detailed by the United States Supreme Court in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
¶ 17. Furthermore, the requirement of a factual basis for a defendant's plea is not a formality of the plea process, but it is required as part of a "constitutionally valid and enforceable decision to plead guilty." Carter v. State, 775 So.2d 91, 98(¶ 28) (Miss.1999) (quoting Lott, 597 So.2d at 628). Circuit courts of this state would do well not to gloss over this requirement of the trial court to ensure that a factual basis for a defendant's plea exists in the record. While it seems to go without saying, we remind circuit courts of the simple rule mentioned in Marek: the trial court should compare the conduct to which the defendant admits with the elements of the offense charged in the indictment. Without a match, there is no factual basis for the plea, and as such, the guilty plea should not be accepted. Therefore, although this Court condemns Carreiro's actions as deplorable, we are bound to uphold the law of this state. The facts preserved in the record simply do not establish, by any burden of guilt, that Carreiro violated the statutes charged in the indictment. As such, we cannot find that a factual basis existed for his guilty pleas. Therefore, we are forced to reverse the trial court's denial of Carreiro's motion for post-conviction relief, set aside his guilty pleas, and remand his case to the active trial docket of the Circuit Court of Lincoln County. Given our resolution of this issue, Carreiro's remaining issues are moot.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., IRVING, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BY LEE AND MYERS, P.JJ. MAXWELL, J., NOT PARTICIPATING.
CARLTON, J., Concurring in Result Only:
¶ 19. I agree that the circuit court was in error in denying the motion for post-conviction relief, that the appellant should be allowed to withdraw his guilty pleas, and that the case should be reversed and remanded to the active criminal docket.
*1176 ¶ 20. I respectfully disagree with the majority's language that there was no factual basis presented to the Court during the hearing on the motion for post-conviction relief. Carreiro admitted that he entered the sanctity and privacy of the bedroom of this seven-year-old girl while she slept, with the intent to take pictures for the lascivious purposes of the exhibition of her private areas and buttocks. During the hearings on the motion for post-conviction relief, the trial judge ensured that the guilty pleas were knowing and intelligent and that Carreiro understood the consequences of his pleas. The trial judge was further informed that Carreiro wrote in the evidentiary hearing statement, which was part of the record on the post-conviction relief motion as Exhibit P-4, and that Carreiro took photographs that were also made a part of the record before the court as Exhibit P-3. The trial judge inquired of Carreiro as follows:
Q: Were you taking that photograph because you were aroused by her genital area? You know what genital area means, correct?
A: Yes, sir.
Q: Do you know what the genital area is?
A: Yes, sir.
¶ 21. Carreiro also confirmed that his attorney discussed a defense strategy and articulated that strategy. Carreiro also testify that he had reviewed discovery with his attorney and after such review that he was satisfied that the State could provide beyond reasonable doubt that he was guilty. He also testified that his attorney went over the indictment and the elements of the crime with him and that he understood the elements of the crime. Carreiro also signed a plea petition acknowledging that he understood his rights; that his plea was willing, knowing, and voluntary; and that he was satisfied with his attorney. His attorney also signed the plea petition certifying that he had advised his client of his rights. It is unfortunate that this information was not part of the discussion at the plea hearing.
¶ 22. Carreiro provided quite a detailed confession outlining his intent for exposing her buttocks. The photographs contained in the record reflect that the photographs were not just of the child's buttocks. The photographs were a closeup of her bottom exposing her buttocks and also the portion of her bathing suit bottom that covered her anal area and her vulva. In prosecution Exhibit A, some of the child's skin from her labia majora is visible on the side of her bathing suit bottom. In the instant case, Carreiro's confession provides the following details:
The girl in the pictures B (referring to PE B), well; she a bit young to do much with. But I wanted to at least see how she felt next to me at night. Liked to play with her butt & rub it against my manhood. In picture 2, she is so hot, wanted to just bed her down & get her smell all over me. I wanted to put my manhood in between her cheeks & get off. Wanted to feel her all over. . . .
¶ 23. As stated above, the pictures referred to by Carreiro were made part of the record at the time of the motion for post-conviction relief was filed. This Court in Blackwell v. State, 915 So.2d 453, 456(¶ 12) (Miss.Ct.App.2005) explained that sexually explicit conduct as defined in section 97-5-33(2) does not require actual or simulated sexual intercourse since sexual conduct is not an element of the charged crime of child exploitation. The Mississippi Supreme Court has held that the court is not limited to the transcript of the guilty plea hearing; rather, the court is allowed to "review the record as a whole." Boddie v. State, 875 So.2d 180, 183(¶ 8) (Miss.2004) *1177 (citing Gaskin v. State, 618 So.2d 103, 106 (Miss.1993)).
¶ 24. Mississippi Code Annotated section 97-5-33(2) (Rev.2006) provides the following:
No person shall, by any means including computer, photograph, film, video tape or otherwise depict or record a child engaging in sexually explicit conduct or in the simulation of sexually explicit conduct.
¶ 25. Mississippi Code Annotated section 97-5-31 (Rev.2006) defines the terms used in the relevant code sections dealing with child exploitation. Mississippi Code Annotated section 97-5-31(a) defines a child as any individual who has not attained the age of eighteen. Mississippi Code Annotated section 97-5-31(b)(v) defines sexually explicit conduct as actual or simulated lascivious exhibition of the genitals or pubic area of any person.
¶ 26. The evidentiary hearing on the post-conviction relief motion revealed that a factual basis for this guilty plea in this case existed (but was not made part of the underlying plea colloquy) because Carreiro admitted to photographing the child engaging in sexually explicit conduct with actual or simulated lascivious exhibition of the genitals or pubic area of the child. At the post-conviction relief evidentiary hearing the trial judge had before him in evidence the photograph taken by Carreiro of the child's buttocks area displaying a portion of her bathing suit covering her anus and vulva. However, at the original underlying plea colloquy, the record contained no evidence, and neither the defendant nor the prosecution provided a factual basis of the guilty plea in the record for the trial court to review.
¶ 27. With respect to count two, the majority states that the record fails to contain evidence of any touching. I agree with the majority to the extent that a review of Carreiro's confession shows that he did not admit to directly touching the skin of the child, and a review of the evidence before the court reflects that apparently no witnesses were present to provide any direct eyewitness testimony of actually seeing him touch or not touch the child while moving her bed blankets for her picture pose. However, I respectfully submit that based on the limited evidence presented during the evidentiary hearing on the motion for post-conviction relief that sufficient evidence exists from which a jury might logically infer from his confession, from the child's photograph of her buttocks and anal/vulva area in a swimsuit, and from other circumstantial evidence which may possibly be offered, that Carreiro touched the child in her bed when he moved her blanket to get the pose he desired for his picture to satisfy his lustful desires. See, e.g., Montgomery v. State, 515 So.2d 845, 848 (Miss.1987). I further respectfully submit that based upon the limited evidence presented during the post-conviction relief motion hearing that sufficient evidence exists from which a jury could infer that Carreiro's touching was in fact for the purpose of "indulging his depraved, licentious sexual desires." Note, Carreiro admitted in his confession to entering the child's room while she was asleep, and he admitted to removing the child's blanket that was on her so he could photograph her for his lustful purposes.
¶ 28. A review of the elements in count two, for the offense of lustful touching of a child under the age of sixteen, aids in the discussion of my analysis of this issue. Mississippi Code Annotated section 97-5-23(1) (Rev.2006) makes it a crime for "[a]ny person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch, or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen *1178 (16) years, with or without the child's consent. . . shall be guilty of a felony. . . ."
¶ 29. Carreiro's confession explains that:
[He] positioned the covers just right so [he] could get a good look at her butt. When [he] was taking these pictures, [he] had thoughts of undressing her and climbing into bed with her. Thinking how she would feel next to [him]. Thought about rubbing her all over esp. her butt. Wanted to feel her butt against my manhood, & move her up & down against my manhood until [he] got off.
¶ 30. To violate section 97-5-23(1), the statute does not require that the child be engaged in any lascivious conduct or that the defendant touch any particular part of the child. The crime of lustful touching of a child under the age of sixteen is met when a person above the age of eighteen handles, touches, or rubs such a child with any part of the defendant's body for lustful purposes or depraved, licentious sexual desires. Such a touching may be proven through direct or circumstantial evidence. Sexual offenses against a child are not likely to be perpetrated in the light of day in public places or in view of witnesses. In a case where a child is asleep, circumstantial evidence may be the only evidence available other than any statement or evidence provided by the defendant.
¶ 31. Based on the foregoing, I disagree with the majority as to its conclusions on count one and count two. However, I would, as the opinion does, remand the case to the active trial docket of the Circuit Court of Lincoln County.
LEE AND MYERS, P.JJ., JOIN THIS SEPARATE OPINION.
NOTES
[1] As a result of the sensitive nature of the underlying facts of this appeal, the names of all members of the Smith family have been changed in an effort to protect their privacy.
[2] It can be safely assumed that the alleged touching that Daphne was expected to testify to did not occur at the point in time Carreiro took the photographs of Sara.