CHAMBERLIN, JUSTICE,
CONCURRING IN RESULT ONLY:
¶ 29. While I concur with the Presiding Justice Dickinson that William Ashwell’s convictions must be vacated, I do so on separate grounds. I am-not prepared, nor do I believe it necessary, to state that the failure to file the charging instrument, without more, deprives the trial court of jurisdiction. This issue should be decided on a case-by-case basis under the facts of that particular case after a review of the record as a whole.
¶ 30. The problem in this case is not that the charging instrument wasn’t filed. There is sufficient proof in the record that a charging instrument—the bill of information—existed in this ease. The problem is that there is absolutely no evidence as to what was contained in the charging instrument. While the failure to file the charging instrument may not be .fatal in all cases, the failure to present any evidence as to the contents of the instrument certainly is in this case.
¶ 31. The failure to prove the contents of the charging instrument means, in Ash-well’s case, there is no factual basis for his *78 plea. It is not contained in an indictment, a bill of information, transcript or elsewhere in the record. Ashwell’s waiver acknowledges that the charges are for burglary and escape with quoted code sections. This information, ostensibly, advises Ashwell of the elements of the crimes to which he is pleading guilty but not the facts constituting the crime committed.
¶ 32. Rule 8.04 of the Uniform Rules of Circuit and County Court Practice states, in part, as follows:
3. Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
URCCC 8.04(A)(3).
¶ 33. A defendant may establish a factual basis for his guilty plea simply by pleading guilty; however, his plea “must contain factual statements constituting a crime or be accompanied by independent evidence of guilt.” Hannah v. State, 943 So.2d 20, 26-27 (Miss. 2006) (emphasis added). In other words, “a factual basis is not established by the mere fact that a defendant enters a plea of guilty.” Id. at 27. Rather, the record must contain those facts which are “sufficiently specific to allow the court to determine that the defendant’s conduct was within the ambit of that defined as criminal.” Lott v. State, 597 So.2d 627, 628 (Miss. 1992) (quoting United States v. Oberski, 734 F.2d 1030, 1031 (5th Cir. 1984)). We are not limited to a review of a defendant’s plea transcript when determining if a factual basis existed for his guilty plea, but we may review the record as a whole for evidence of such. See Boddie v. State, 875 So.2d 180, 183 (Miss. 2004); Aucoin v. State, 17 So.3d 142, 146-47 (Miss. Ct. App. 2009).
¶ 34. Furthermore, the requirement of a factual basis for a defendant’s plea is not a mere formality of the plea process, but it is required as part of a “constitutionally valid and enforceable decision to plead guilty.” Carter v. State, 775 So.2d 91, 98 (Miss. 1999) (quoting Lott, 597 So.2d at 628). The trial judge and any reviewing court must be able to ascertain from the record sufficiently specific facts that demonstrate that the defendant’s conduct was criminal. See Lott, 597 So.2d at 628. Simple knowledge of the elements of the crime is not sufficient. Carreiro v. State, 5 So.3d 1170, 1173-75 (Miss. Ct. App. 2009).
¶35. A factual basis for a guilty plea may be established in a number of ways, including a statement of the prosecutor, testimony of live witnesses, prior factual proceedings, as well as actual admissions by the defendant; it is not necessary that factual basis be established with words spoken from the defendant’s own mouth. Corley v. State, 585 So.2d 765, 766-68 (Miss. 1991). The Court has noted that “[a] factual showing does not fail merely because it does not flesh out the details which might be brought forth at trial. Rules of evidence may be relaxed at plea hearings. Fair inference favorable to guilt may facilitate the finding.” Id. at 767. Even the reading of a sufficiently specific indictment has been deemed acceptable. Timmons v. State, 176 So.3d 168, 172 (Miss. App. Ct. 2015) (quoting Drake v. State, 823 So.2d 593, 594 (Miss. Ct. App. 2002)). We look at the record as a whole. Id.
¶ 36. Therein lies the problem. The record as a whole does not answer our questions. Nothing in the record touches on the facts of this case, and we do not know the contents of the charging instrument to determine if it is sufficiently specific to estab *79 lish a factual basis. We do not know the dates of the crimes, the victims of the burglary, the facility from which Ashwell escaped, the manner employed in the crimes, etc. It is regrettable that the facts of this case played out in the manner in which they did. It is certainly not the fault of the trial, judge who very well may have had the instrument before him at the time of the plea. However, the facts of this case, when considering the record as a whole, require vacation of Ashwell’s convictions. For these reasons, I concur in result only.
RANDOLPH, P.J., MAXWELL AND BEAM, JJ., JOIN THIS OPINION.' KITCHENS, J., JOINS THIS OPINION IN PART.