# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00057-COA

**WILLIAM McLENDON A/K/A WILLIAM E. McLENDON**           **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/27/2021 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM McLENDON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ASHLEY LAUREN SULSER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/06/2022 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1. William McLendon filed a motion for post-conviction collateral relief (PCR) in the Marion County Circuit Court, seeking relief from his 2020 felony conviction. The circuit court found that it plainly appeared from the face of the motion that McLendon was not entitled to relief and summarily dismissed the motion. McLendon appealed this dismissal.

## FACTS AND PROCEDURAL HISTORY

¶2. On June 22, 2020, McLendon entered a plea of guilty to the sale of more than two dosage units but less than ten dosage units of oxycodone acetaminophen, a Schedule II controlled substance, within 1,500 feet of a school, as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Supp. 2018). He was sentenced to serve a

term of eight years in the custody of the Mississippi Department of Corrections as a habitual offender.

¶3. On December 8, 2021, McLendon filed his PCR motion claiming that there was no factual basis for his guilty plea, that the State erred in prosecuting him because there was no factual basis for the charges, and that he received ineffective assistance of counsel because there was no factual basis for his guilty plea. Other than McLendon's sworn motion, there were no affidavits attached to support his claims.

¶4. On December 27, 2021, the circuit court entered an order dismissing McLendon's PCR motion, finding that during the guilty plea the State had set forth a factual basis to support the charge, and McLendon had testified that the State's statement of facts supporting the charge was true. Further, the circuit court found that McLendon's claim of ineffective assistance of counsel was not properly supported.

## STANDARD OF REVIEW

¶5. In *Lopez v. State*, 343 So. 3d 408, 412-13 (¶10) (Miss. Ct. App. 2022), this Court stated:

> "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Taylor v. State*, 313 So. 3d 1106, 1109 (¶5) (Miss. Ct. App. 2021) (quoting *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017)). "The [circuit] court may summarily dismiss a PCR motion where it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to any relief." *Pinkney v. State*, 192 So. 3d 337, 341 (¶11) (Miss. Ct. App. 2015).

**ANALYSIS**

¶6.     McLendon argues on appeal that the trial court erred by dismissing the claims contained in his PCR motion. His argument is the same for each of his three claims.[1] McLendon cites *Carreiro v. State*, 5 So. 3d 1170 (Miss. Ct. App. 2009), and *Hannah v. State*, 943 So. 2d 20, 26-27 (Miss. 2006), to support his contention that there was no factual basis for his plea of guilty because he "never once" stated "in full detail on the record what he did to commit a crime." McLendon's reliance on these cases to support his argument is misplaced.

¶7.     The factual basis to support a plea of guilty can be established in a number of ways. In *Crawford v. State*, 287 So. 3d 314, 318 (¶9) (Miss. Ct. App. 2019), this Court explained:

> As this Court has previously stated, "[J]ust as there is more than one way to skin the proverbial cat, there are numerous ways to establish a factual basis for a guilty plea." *Williams v. State*, 110 So. 3d 840, 843 (¶17) (Miss. Ct. App. 2013). Guilty pleas may be factually established "by a statement of the prosecutor, the testimony of live witnesses, and prior proceedings, as well as an actual admission by the defendant." *Id.* (citing *Turner v. State*, 864 So. 2d 288, 292 (¶17) (Miss. Ct. App. 2003)) (internal quotations marks omitted). However, "[t]he mere fact that the factual basis does not provide all the details which may be produced at trial does not make the guilty plea invalid." *Cherry v. State*, 24 So. 3d 1048, 1052 (¶9) (Miss. Ct. App. 2010). Also, "if sufficiently specific, an indictment or information can be used as the sole source of the

_____

[1] On appeal he vaguely raises a claim, for the first time, that his sentence was illegal. He contends that his sentence was illegal because he had prior convictions and could not have a "suspended term or probation." The sentencing order reflects that he was sentenced to serve a term of eight years as a habitual offender. No portion of his sentence was suspended, and he was not ordered to serve a term of probation. He did not raise or develop this issue before the trial court, and this issue is barred from consideration on appeal. *See Reardon v. State*, 341 So. 3d 1004, 1009, 1011-12 (¶¶12, 26) (Miss. Ct. App. 2022).

3

factual basis for a guilty plea." *Id.* (citing *Drake v. State*, 823 So. 2d 593, 594 (¶6) (Miss. Ct. App. 2002)).

¶8.     During the guilty plea hearing, the State gave the factual basis of the charge to which McLendon was offering his plea of guilty. The State said it would prove that

> on or about November 21, 2018, in Marion County, Mississippi, Mr. McLendon did knowingly sale or transfer to a confidential source with the Marion County Sheriff's Department two to ten dosage units of Oxycodone Acetaminophen a Schedule II controlled substance, while Mr. McLendon had been previously convicted of two felony offenses and is a habitual offender under 99-19-81.

The State went on to give the details of McLendon's prior felony convictions and advised the court that he was sentenced to more than a year for each offense and that they were separate offenses. The State advised that it would provide the court with certified copies of the convictions and McLendon's pen packs to prove the convictions if the matter proceeded to trial. The State continued and stated that it would call Captain Pete Williams of the Marion County Sheriff's Department and the confidential source to prove that McLendon made the sale in exchange for $140. The State indicated that it had audio and video recordings of the transaction. The controlled substance was submitted to the Mississippi Forensics Laboratory, and the State would call the crime lab expert who tested the substance to confirm that the substance sold was two to ten dosage units of oxycodone acetaminophen, a Schedule II controlled substance.

¶9.     When asked by the trial court whether these facts were true, McLendon testified, under oath, "[Y]es sir." Further, when asked by the trial court how he pled to the charge of

4

"sale of controlled substance within 1,500 feet of a school, as a habitual offender," McLendon, under oath, said "guilty." Thus McLendon admitted that he sold the controlled substance within 1,500 feet of a school and acknowledged that he was a habitual offender as shown by the State's proffer.[2]

**CONCLUSION**

¶10.   This Court finds that during the guilty plea hearing, a proper factual basis was shown as to each of the elements of the offense for which McLendon was convicted. Because each of McLendon's PCR claims was based upon the absence of a factual basis, his claims are without merit. The circuit court did not err by summarily dismissing the PCR motion.

¶11.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**

---

[2] During the plea hearing, the State advised the court that since McLendon was pleading guilty as a habitual offender, the State had agreed to drop the 1,500-feet enhancement. However, the court included the enhancement in its questions to McLendon, and the defendant pled guilty to the enhanced charge. That issue was not raised by McLendon in his PCR motion. In any event, McLendon received the sentence recommended by the State, eight years, which was the maximum sentence for the offense without the enhancement.